BAILLY et al., Respondents, v. FARMERS' STATE BANK OF SISSETON (Appellant) et al.

(150 N. W. 492.)

(File No. 3480.   Opinion filed February 3, 1915.)

1. **Homestead—Passing of by Succession—Statutory Right—Homestead as Incident to Land Conveyance.**

   The homestead right provided by the general law is wholly statutory, and cannot pass by succession, and an interest therein does not pass as an incident to the land.

2. **Same—Cessation of Homestead Right Upon Death—Exception—Surviving Wife and Children—Children's Homestead—Determination by Widow.**

   The general homestead right ceases on death of owner, except as to the right given to surviving wife and children, under Pol. Code, Sec. 3231, securing possession of homestead until otherwise disposed of according to law, to surviving spouse on death of the other, and providing that, on death of both spouses, the children may continue to possess it until majority of the youngest; and under that statute the children do not acquire any homestead right, except an inchoate right to an

eventual homestead if the mother remains in possession until her death.   Held, further, that, under said section, while the surviving spouse cannot be deprived of the homestead right, by either the deceased spouse or the adult heirs, yet the surviving wife may determine whether the homestead right shall be retained or abandoned.

3.  Same—Abandonment by Surviving Wife—Conveyance of Widow's Interest in, Validity—Statute.

Since the surviving wife of owner of a homestead may, under Pol. Code, Sec. 3231, abandon it, held, that Pol. Code, Sec. 3217, requiring both husband and wife to join in conveyance of a homestead in order to render the conveyance valid, has no application to a conveyance by a surviving spouse of her interest acquired by the descent statute from the deceased husband, and a deed by her is valid and effective to convey an interest in the homestead property.

4.  Same—Conveyance by Surviving Wife—Interest Transferred—Grantee, as Tenant in Common With Children—Accounting By.

Where a surviving wife gave warranty deed of a homestead owned by her husband, the grantee became vested with her one-third interest therein, for the purposes for which it was conveyed, and held the same as tenant in common with the surviving children, and became liable to account to them for their share of rents and profits.

5.  Subrogation—Grantee of Equity—Redemption by, From Mortgage Foreclosure—Payment—Findings, Necessity For.

A grantee of mortgaged land, under a deed from surviving wife, which mortgage existed when the deceased husband purchased the land, which grantee paid the mortgagee the amount necessary to redeem from foreclosure, to protect his interest under such deed, in consideration of which payment the note and mortgage were delivered to the redemptioner under an agreement that it should become subrogated to the rights of mortgagee, thereby became so subrogated, as against the children of the widow and deceased owner, and refusal of trial court to make findings of fact and conclusions of law upon the issue of such grantee's right to subrogation was reversible error.

6.  Real Property—Succession to, Subject to Mortgage—Incumbrance Superior to Title by Succession.

Where incumbered realty passes by succession to the surviving wife and children of the owner, the title thus acquired is subject to the incumbrance, and therefore, as against their respective shares, the mortgage was a charge upon the property superior to the title acquired by them.

**7. Real Property—Grantee of Surviving Wife—Incumbered Land—Mortgage Redemption, Right to Apply Rents to Debt—Grantee's Accountability to Children for Rents and Profits.**

A grantee of a surviving wife who conveyed land mortgaged at time of purchase by her husband, which grantee took possession and redeemed from the mortgage foreclosure, could, as tenant in common with the surviving children, apply to the wife's indebtedness her share of rents and profits; and, while such grantee could not, as mortgagee, appropriate to the mortgage debt the shares of rentals belonging to the surviving children as tenants in common, yet, in absence of a demand by the children of their shares of rents and profits, he could apply them on any indebtedness affecting the whole title, and was liable only to account to them for their shares in excess of the whole debt.

**8. Appeal—Error—Findings on Appeal, Right to Make—Adjudication Without Findings—Remand.**

The Supreme Court is without power to make findings of fact, either for or against appellant, or to adjudicate his rights without findings on controverted facts, therefore the cause will be remanded.

Appeal from Circuit Court, Roberts County. Hon. CLAY CARPENTER, Judge.

Action by Dan Bailly, an infant, and others against the Farmers' State Bank of Sisseton and others, to cancel a deed and to recover possession of realty; defendant bank counterclaiming, and for subrogation to rights of a mortgagee. From a judgment granting relief to plaintiffs and certain of defendants, and from an order denying a new trial, the defendant bank appeals. Reversed, and remanded for new trial.

*Howard Babcock,* and *Thomas L. Bouck,* for Appellant.

*C. R. Jorgenson,* for Respondents.

(2) Under point two of the opinion, Appellant cited: Sec. 153, Rev. Prob. Code; Secs. 3231-2, 3234, Pol. Code; Wells v. Sweeney, 16 S. D. 489, 94 N. W. 394; Hayack v. Will, (Ill.) 48 N. E. 292; Voelz v. Voelz, 88 Wis. 461, 60 N. W. 707; Eaton v. Roberts, 29 Minn. 237, 13 N. W. 143; In re Whiteman, 31 Minn. 172, 17 N. W. 280.

(4) Under point four of the opinion, Appellant cited: 38 Cyc. 125; Pol. Code, Sec. 3232.

(5) Under point five of the opinion, Appellant cited: Bank of Ipswich v. Brock, 13 S. D. 409, 82 N. W. 436; Baker v.

Baker, 2 S. D. 261, 49 N. W. 1064; 37 Cyc .443, 444, 445; Kopp v. Thele et al., (Minn.) 116 N. W. 472; Boveick v. Christiaanse, 69 Neb. 256; 95 N. W. 652; Hughes v. Wilson et al., 131 Wis. 315, 111 N. W. 474, 11 Am. Cas. 673; Lyon v. Plankinton Bank, 15 S. D. 401, 89 N. W. 1017; Craigo v. Craigo, 22 S. D. 417, 118 N. W. 712.

Respondent cited: Gerber v. Upton, 82 N. W. 364; Showers v. Robinson, 43 Mich. 502, 5 N. W. 988; Wells v. Sweeney, 16 S. D. 489; Compton v. Gas Co., 10 L. R. A. (N. S.) 787.

(7) Under point seven of the opinion, Respondent cited: Prob. Code, Sec. 240.

SMITH, P. J.   Appeal from the circuit court of Roberts county.   Action to cancel a deed and to recover possession of real estate.   The complaint alleges that on or about the 22d day of July, 1903, one Charles E. Bailly, was seised as owner in fee simple, and was in possession of premises occupied by himself and family as a homestead; that Chas. E. Bailly died July 22, 1903, and left surviving him his wife, Inez Bailly, and seven sons and two daughters, all minors, two of whom are since deceased; that about the 26th of January, 1905, Inez Bailly executed and delivered to the Reservation State Bank of Sisseton an instrument purporting to be a warranty deed, conveying to said bank the premises described; that said conveyance was without consideration, and that the property was the homestead of Inez Bailly and her minor children at the time said deed was executed; that the defendant, without right or title, took possession, under said deed, and has held possession since, to the plaintiff's damage in the sum of $815.

The defendant Farmers' State Bank, among other things, alleged by way of counterclaim that prior to the time Charles E. Bailly, deceased, became owner of the property, it was subject to a mortgage executed by Charles T. Roberts and his wife, former owners, to the Union Savings Association of Sioux Falls, S. D., for $250, which mortgage was dated May 1, 1903, and filed for record May 22, 1903; that default was made in the conditions of said mortgage, and it was foreclosed, and the premises sold to the Union Savings Association, June, 3, 1905, for the sum of $319.35, and a certificate of sale delivered and recorded June 3, 1905; that the certificate of sale was outstanding and the premises

unredeemed on or about the 29th of May, 1906, when the defend-
ant bank, to protect its interest in said premises, under said deed,
and at the request of Inez Bailly, paid to the Union Savings As-
sociation the sum of $341.40, to redeem from said sale, and the
further sum of $51.38 for taxes paid by the Union Savings As-
sociation, subsequent to foreclosure, making a total of $392.78
paid in redemption of the premises, and that the Union Savings
Association, on June 1, 1906, made and delivered to the defend-
ant bank a certificate of redemption, whereby it canceled and dis-
charged said sale and certificate thereof, but did not cancel or dis-
charge the mortgage given by Charles T. Roberts and wife, but
that the Union Savings Association did deliver to the defendant
bank the mortgage and note executed by them, and said defendant
has ever since held the same as security for all indebtedness of
Inez Bailly; that the amount of said redemption and taxes was
included in a note for $500 executed by Inez Bailly to the de-
fendant bank on June 28, 1906, and with the understanding and
agreement with her that the acceptance of said note should not
be any waiver of said defendant's right to be subrogated to the
rights of the Union Savings Association, for the amount paid for
redemption and taxes. The defendant bank demands a decree,
that it be subrogated to the rights of the Union Savings Associa-
tion, and of foreclosure of said mortgage, and prays for general
relief.

The plaintiff Dan Bailly, a minor, brings this action, in which
he is joined by Chas. H. Bailly and Edward Bailly, adult heirs of
Chas. Bailly, deceased. The widow and other children, having
refused to join as plaintiffs, are made defendants. Trial was to
the court.

At the trial the defendant bank introduced a large amount
of evidence covering the matters above referred to, and at the
close of the trial requested findings thereon; which were refused
by the trial court. This refusal is assigned as error. The only
findings made by the trial court were, in substance, that Chas. E.
Bailly, at the time of his death, was owner and in possession of
the premises, which were occupied by himself and family as a
homestead; that he died on the 22d day of July, 1903, leaving the
widow and minor heirs; that about July, 1903, the widow, Inez
Bailly, departed from the homestead, and left her minor children,

and on or about the 28th of January, 1905, made, executed, and delivered to the Reservation State Bank, now the Farmers' State Bank, the warranty deed referred to; that at the time said deed was executed Inez Bailly was not the owner of the property, but the same was the homestead of herself and minor children, and is now their homestead; that the defendant bank took possession of said premises May 24, 1909, and since that time has retained the same; that the value of the use of said premises is the sum of $448; that demand was made for possession by the minor children, which was refused.

As conclusions of law, the courts finds that the deed executed by Inez Bailly is null and void, and should be canceled, and that Dan Bailly, Louis Bailly, Arthur Bailly, and Inez Bailly, minor children of Chas. E. Bailly deceased, are entitled to possession of the premises, and to a judgment against the defendant bank for $448, with interest amounting to $59.64.

Appellant assigns as error, among other things, the failure and refusal of the trial court to make findings upon the facts and issues presented by the pleadings, and error in entering judgment for the value of the use and occupancy of the homestead. The latter assignment will be first considered.

The Political Code provides:

Section 3231: "Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest becomes of age."

Section 3232: "Such homestead shall descend according to the law of succession as provided by the Civil Code, unless otherwise directed or disposed of by will, and shall be held exempt from any antecedent debt of the parent, and if it descends to the issue of either husband or wife, it shall be held by such issue exempt from debts of such husband or wife," etc.

The trial court, as a conclusion of law, found that the deed from Inez Bailly to the Reservation State Bank, now the Farmers' State Bank, was void. If this conclusion was based on section 3217 of the Political Code, which makes a conveyance by the owner of a homestead invalid unless both husband and wife

concur in the conveyance, the conclusion was clearly erroneous.

[1] The homestead right provided for by the general law is wholly statutory, and is a right which cannot, in any respect pass by succession. The land in which the owner has a homestead interest may be conveyed by deed or pass by will, or under the statutes of succession. But the homestead interest does not pass as an incident to the land; and, if the party accquiring such property becomes vested with a homestead interest founded on the title so obtained, it vests by reason of possession and use and occupancy as a homestead, under the general statute. The source of the title is immaterial. Under the general homestead law, the children, as such, do not have or acquire any interest in the homestead property belonging to the parent. In this case the wife became vested with a one-third interest in the property upon the death of the husband, as tenant in common with the children, who also became vested with a two-thirds interest as heirs of their deceased father.

[2] But the general homestead right ceased to exist upon his death, except as is given by section 3231, supra. Did the children acquire any homestead right under that section? We think it clear that they did not, except an inchoate right to an eventual homestead, provided their mother should remain in possession until her death, and such death should occur prior to the majority of the minor children.

By section 3231, however, the Legislature, in effect, has said that neither the deceased spouse nor the adult heirs shall deprive the surviving spouse of a homestead right in what had formerly been the family homestead. Yet it leaves to the surviving spouse the power to determine whether or not such homestead right shall be retained or abandoned. This was exactly the same power that rested in the parents before the death of either.

[3] If the surviving spouse so desires and elects, the homestead right may be preserved and passed on for the benefit of the minor children, upon his or her death. On the other hand, the surviving spouse may entirely abandon the homestead, as was done by the mother in the case before us. This being so, section 3217, Pol. Code, has no application whatever to a conveyance by the surviving spouse of the interest she acquired by the descent statute from the deceased husband. The deed of Inez Bailly was

therefore valid and effective to convey an interest in the homestead property, and the trial court erred in holding it void and of no effect.

[4] By her deed the defendant bank became vested with her one-third interest in the homestead property, for the purposes for which such conveyance was made. Under this deed, the defendant bank, as it had a right to do, took possession of the homestead property, thereafter holding the same as tenant in common with the surviving children, and became liable in a proper way to account to them for their share of the rents and profits.

[5] In this connection it becomes necessary to consider the alleged error of the trial court in failing and refusing to make findings and conclusions upon issues presented by the pleadings and the evidence in the record. These issues relate to the mortgage executed by Charles T. Roberts and wife, former owners of the premises, to the Union Savings Association of Sioux Falls, and to which the premises were subject when Charles E. Bailly, deceased, took title to the homestead property. Upon default and foreclosure of this mortgage, the defendant bank, at the request of Inez Bailly, the surviving widow, to protect its interest under the deed from her, paid to the Union Savings Association the sum of $341.40, to redeem from said sale, and the further sum of $51.38 for taxes paid by the Union Savings Association, a total of $392.78, in redemption of the premises, in consideration of which the savings association delivered to the bank the mortgage and note, with the agreement and understanding that it should become subrogated to the rights of the savings association. The neglect and refusal of the trial court to make findings of fact and conclusions of law upon the issues touching the right of the defendant bank to subrogation were prejudicial error for which the judgment and order of the trial court must be reversed.

The trial court also erred in awarding the plaintiffs a judgment in the sum of $448 against the defendant bank, the whole value of the use and occupancy of the premises. If the facts are as alleged by defendant, it was clearly entitled to be subrogated to the rights of the Sioux Falls Savings Association.

[6, 7] Both the wife and the surviving children acquired their

titles from the deceased, Charles E. Bailly, subject to the incumbrance, and therefore, as against their respective shares, the indebtedness was a charge upon the property superior to the title acquired by all of them. The bank, as tenant in common, under its deed from Inez Bailly, had a clear right to apply on her indebtedness, her share of the rents and profits. But the bank, although in lawful possession of the property, did not, as mortgagee, have the right, as against the other tenants in common, to appropriate their shares of rentals in payment of such indebtedness. They had not in any manner conveyed or transferred to the bank their interest in these rentals, as the mother had done by her deed, and they had a right to the rentals of the mortgaged property precisely as their ancestor, the mortgagor, would have had. But, in the absence of a demand by the children for their shares of rents and profits, the defendant bank, as tenant in common, had a perfect right to apply the same upon any indebtedness which affected the whole title, as well as the interest of the bank, in which case it would follow that the children would be entitled to a judgment only for their share of any excess of the rents and profits over and above the whole amount of such indebtedness, at the time the action was begun.

[8] This court is without power to make or enter findings of fact either for or against appellant, or to adjudicate appellant's rights without findings on controverted facts. For that reason the cause must be remanded. Lyon v. Plankinton Bank, 15 S. D. 400, 89 N. W. 1017; Craigo v. Craigo, 22 S. D. 417, 118 N. W. 712.

The order and judgment of the trial court are therefore reversed, and a new trial granted, to the end that the rights of all parties may be properly determined in accord with the views herein expressed.