HANSEN, Appellant, v. HANSEN et al, Respondents.

(166 N. W. 427.)

(File No. 4149.   Opinion filed February 14, 1918.   Rehearing denied March 8, 1918.)

**Homestead—Possession, Widow's Right to Versus Heirs—Limitation re Value, Acreage—Creditors' Rights Distinguished—Statutes Construed.**

Under Pol. Code, Sec. 3223, providing that the homestead may contain one or more lots or tracts of land with buildings thereon and other appurtenances, subject to limitations of the next section, which provides that if within a town plat it must not exceed one acre, and if not within a town plat it must not embrace in the aggregate more than 160 acres; and Sec. 3231, providing that upon death of either husband or wife the survivor may continue to possess and occupy the whole homestead, unless it is otherwise disposed of according to law; and Prob. Code, Sec. 153, as amended by Laws 1913, Ch. 236, Sec. 1, providing that, on death of either husband or wife entitled to select a homestead "as provided by law," the survivor or survivors of such homestead claimant entitled thereto "under the provisions of law" may continue to have exclusive possession of the homestead as defined by law until otherwise disposed of; and Pol. Code, Sec. 3215, providing that the homestead of each family resident in the state, as hereinafter defined to the extent of $5000 in value, shall be exempt from execution sale, judgment lien and all mesne or final process; and Code Civ. Proc., Sec. 322, providing that except as hereinafter provided the property mentioned under this head [Exemptions] is exempt from attachment or mesne process and from levy and sale on execution, etc.; and Sec. 323, providing that the property mentioned in this section is absolutely exempt from all such process, levy, or sale: * * * 7th the homestead as created, defined and limited by law, and said section as amended by Laws 1890, Ch. 86, Sec. 1, providing that the property therein mentioned is absolutely exempt from all process, etc., except as otherwise provided by law * * * 7th to all heads of families a homestead containing not to exceed 160 acres with improvements thereon, which land and improvements shall not exceed $5000 in value; and Const., Art. 21, Sec. 4, providing that the right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sales a homestead, the value of which shall be limited and defined by law, held, that Sec. 3215 does not define or limit the homestead itself, but merely provides what portion in value, of the homestead, created and defined by some other provision of law, shall be exempt from levy or sale on execution; it merely recognizes the exemption provision found in Sec. 345, Code Civ. Proc.; that said section, and Sec. 3215, Pol. Code, are exemption statutes merely, and if there are no debts, the homestead is not affected by either of said sections; that said constitutional provision does not purport to create or define the homestead, nor to limit the value thereof, nor to confer on the Legislature any power it did not already possess

and had exercised under Pol. Code 1877, Secs. 6, 7, and 8, (Secs. 3222, 3223, 3224, Rev. Pol. Code 1903); that the homestead referred to in said Sec. 323 is the homestead created, etc., by said Secs. 6, 7, and 8, which homestead, if not within a city or town, might consist of 160 acres without limitation in value; that under said constitutional provision and the statutes enacted pursuant thereto the $5000 limitation in the exemption law applies only to an execution debtor's exemption, and is not a limitation upon the value of the homestead itself; and finally, that a decedent's widow had a homestead right, including right to possession and use thereof during her natural life, in the entire tract of land occupied by decedent as a home, though it exceeded $5000 in value; that where such decedent was free from debts, his homestead, if outside a city or town, may consist of 160 acres including improvements, without limitation as to value, which right extends to his widow and heirs without limitation as to value, but that if he was in debt, such homestead, over $5000 in value, is subject to payment of debts. **Held**, further, that Prob. Code, Secs. 155, 156, as amended by Laws 1913, Ch. 236, providing for selection and recording of the homestead, and that it is not subject to payment of debts or liabilities contracted by or existing against homestead claimant at or previous to time of his death, except as provided in the law relating to homesteads, do not contain any limitation of homestead right as to value.

McCoy, J., dissenting.

Appeal from Circuit Court, Hamlin County. Hon. CARL G. SHERWOOD, Judge.

Petition by Bergetta Hansen, widow of Nils Hansen, deceased, against Walter H. Hansen and others, for an order setting apart certain land to petitioner as a homestead. From that portion of the decree limiting her right of possession and occupancy, petitioner appeals. Cause remanded with directions to modify the decree appealed from to conform to views expressed in the opinion.

See, also, 38 S. D. 272, 161 N. W. 188.

*W. N. Skinner,* and *Eugene P. Campbell,* for Appellant.

*M. J. Russell,* for Respondent.

Appellant cited: Calmer v. Calmer, (N. D.) 106 N. W. 684.

POLLEY, J. The only question presented upon this appeal is whether the homestead right of a surviving widow entitles her

to the possession and occupancy, as against the heirs of the decedent, of the whole of the property owned by the decedent to the extent of 160 acres, and occupied as a home by the decedent and wife at the time of his death, or whether such homestead right is limited to $5,000 in value.

The appellant is the surviving widow of the decedent, and the respondents are his sons and daughters. At the time of his death the decedent was the owner in fee of a tract of 158.1 acres of land, valued at $13,438.54, upon which he had his dwelling house and buildings appurtenant thereto, and upon which he and his family had resided for many years prior to his death. During the course of the administration of the estate, the appellant filed a petition, praying that an order be entered setting the said tract of land and the buildings thereon apart to her as a homestead. This petition was granted, but, upon appeal by the respondents to the circuit court, that court entered a decree awarding the widow and minor children the right to use and occupy said tract, "to the extent of $5,000 in value, including the dwelling house and appurtenances thereunto belonging, situated on said land, to be set apart to her in the manner provided by law, during her natural life, or so long as she may continue to occupy said premises as a home. * * *" The petitioner, being dissatisfied with this decree, brings the case to this court upon appeal from that portion of said decree which limits her right of possession and occupancy to the extent of $5,000 in value.

It is the contention of appellant that she is entitled to the use, occupancy, and possession of the homestead during her natural life, or so long as she may occupy said premises as a home, without restricton as to the value of said homestead, to the extent of 160 acres. This contention is based upon the following provision of the statute. Section 3223, Pol. Code, provides:

"It [the homestead] may contain one or more lots or tracts of land with the buildings thereon and other appurtenances, subject to the limitations contained in the next section. * * *"

Section 3224, Pol. Code, as amended by chapter 136, Laws of 1909, provides as follows:

"If within a town plat it must not exceed one acre in ex-

tent, and if not within a town plat it must not embrace in the aggregate more than 160 acres.    *    *    *"

Section 3231, Pol. Code, provides that:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it it otherwise disposed of according to law.    *    *    *"

Section 153 of the Probate Code, as amended by section 1, chapter 236, Laws of 1913, provides as follows:

"Upon the death of either husband or wife or head of a family having selected or being entitled to select a homestead as provided by law, the survivor or survivors of such homestead's claimant, entitled thereto under the provisions of law, may continue to have exclusive possession of the homestead as defined by law until it is otherwise disposed of and have the rents and profits thereof as a whole or in shares according to law, and as it may be dealt with by law. * * *"

If the provisions of sections 3223, 3224, and 3231, above set out, are not in conflict with or repealed by section 153 of the probate Code, as amended by chapter 236, Laws of 1913, or other subsequent legislation, there is no room for doubt that appellant, as the widow of the said decedent, has a homestead right in the entire tract of land, regardless of the fact that it exceeds $5,000 in value.   But it is the contention of the respondents, and the circuit court evidently took the view, that the above-quoted sections of the statute are so qualified by later legislative enactments that the homestead allowed by law to a surviving widow can in no case exceed $5,000 in value. And they base their contention upon the apparent limitation on the value of the homestead found in section 3215 of the Political Code. This section reads as follows:

"The homestead of every family resident in this state, as hereinafter defined, to the extent of $5,000 in value, whether such homestead be owned by the husband or wife, so long as it continues to possess the character of a homestead, shall be exempt from all judicial sale, from judgment lien, and from all mesne or final process from any court.    *    *    *"

At first glance, this section appears to contain, or rather to recognize, a limitation on the value of the homestead.   But such is not the case. Section 3215 does not purport to define or

limit the homestead itself. It merely provides what portion, in value, of the homestead that has been created and defined by some other provison of law shall be exempt from levy or sale on execution. The mere fact that the law provides that the homestead, to the extent of $5,000 in value, shall be exempt from levy or sale on execution, does not necessarily imply that the homestead can in no case exceed $5,000 in value, or that the heirs have the same right to the excess over $5,000 in value that is given to an execution creditor under the provisions of section 345, Code Civil Procedure.

Under the provisions of section 3222, the homestead embraces the house used as a home by the owner thereof. By section 3223 it may contain one or more contiguous tracts of land, with the buildings thereon, and other appurtenances, subject to the limitations contained in section 3224. This section limits the homestead to one acre in extent if within a town plat, and to 160 acres if not within a town plat, but contains no limitation whatever as to value. Nor does any other provision of our statute purport to limit the value of a homestead.

The difficulty in arriving at a correct solution of the question involved grows largely, if not wholly, out of a misunderstanding of the constitutional provision relating to exemptions. Section 4, article 21, of the Constitution, reads as follows:

"The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sales a homestead, the value of which shall be limited and defined by law. *  *  *"

This section, it will be noted, does not purport to create or define the homestead nor to limit the value thereof. Neither does it purport to confer upon the Legislature any power that the Legislature did not already possess and had already exercised. Sections 6, 7 and 8, C. 38, Pol. Code 1877. These three sections have been retained in force unchanged, and now constitute sections 3222, 3223 and 3224 of the Revised Political Code of 1903. They have not been repealed by any subsequent statute, and the most that can be said for this provision of the Constitution is that it admonished the Legislaure, in cases where the homestead, as it is defined and limited by Section 8, chapter 38, Political Code of 1877, exceeds a val-

uation to be fixed by the Legislature, to subject the portion thereof in excess of such valuation to the payment of the owner's debts. Prior to the adoption of the Constitution, section 322 of the Code of Civil Procedure, relating to exemptions, read as follows:

"Except as hereinafter provided, the property mentioned under this heading [Exemptions] is exempt from attachment or mesne process, and from levy and sale on execution, and from any other final process issued from any court."          •

And section 323 reads as follows:

"The property mentioned in this section is absolutely exempt from all such process, levy, or sale: *  *.  *

"7th.    The homestead, as created, defined and limited by law."

The homestead referred to in this section is the homestead "created, defined and limited" by sections 6, 7, and 8 of chapter 38, Political Code 1877. This homestead, if not within a city or town, might consist of 160 acres of land, without any limitation as to its value. After the adoption of the Constitution, the Legislature, in an apparent attempt to carry out the provisions contained in section 4, article 21, of the Constitution, amended section 323, Code of Civil Procedure 1877, to read as follows:

"The property mentioned in this section is absolutely exempt from all *  *  * process, levy or sale, except as otherwise provided by law: *  *  *

"7th.    To all heads of families, a homestead containing not to exceed 160 acres of land, with the improvements thereon, which land and improvements thereon shall not exceed $5,000 in value. * * *." Section 1, C. 86, Laws of 1890; also section .45, Rev. Code Civ. Pr. 1903.

This section is contained in the article on Exemptions, and is the first time that a $5,000 homestead limitation appeared in any law. From the above provision of the Constitution and the statutes enacted pursuant thereto, it is clear that the $5,000 limitation found in the exemption law applies only to an execution debtor's exemptions, and is not intended to be a limitation upon the value of the homestead itself. The effect of chapter 86, Laws of 1890, is the same as though section 4, article 21, of the Constitution read as follows:

"The right of the debtor   *   *   *   shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which for exemption purposes shall be limited and defined by law."

The result is that, where the owner of a homestead is free from debts, his homestead, if outside a city or town, may consist of 160 acres of land, with the improvements thereon, free from all limitation as to value, and upon his death such homestead descends to his widow and heirs, as provided in section 3232, Political Code, without any limitation as to value; but where the owner of such homestead is in debt, then such homestead, to the extent that it exceeds $5,000 in value, is subject to the payment of the owner's debts. In case of his death, such homestead descends to his widow and heirs as provided by said section 3232, Political Code. But they acquire no greater right therein than the decedent himself had, and take such homestead subject to the payment of his debts, as provided by subdivison 7, § 345, Code of Civil Procedure, to the extent that such homestead exceeds $5,000 in value.

But let us consider section 345, Code of Civil Procedure, from another standpoint, keeping in mind all the while the fact that in this case the heirs of the decedent are seeking a partition of the homestead as against the surviving widow. This section contains the following provison:

"*   *   *   Provided, if, in the opinion of the creditors or officers holding an execution against such debtor the premises claimed by him or her as exempt are worth more than five thousand dollars, such officer shall summons three householders, having the the qualifications of electors of the county as appraisers, who shall, upon oath, to be administered to them by the officer, appraise said premises; and if, upon such appraisal, the property shall be found to exceed in value the sum of five thousand dollars, and without injury to the interest of the parties the debtor may elect to pay, within sixty days, the surplus over and above five thousand dollars; or he may require that the whole premises shall be sold in the manner provided in subdivision 8 of this section; and if he shall not so elect, then the appraisers shall set off so much of said premises, to be selected by the debtor, as in their opinion shall be worth five thousand

dollars, and the residue of said premises may be advertised and sold buy such officer: Provided, further, in case the value of the premises shall, in the opinion of said appraisers, be more than five thousand dollars, and cannot be divided as is provided for in this section, they shall make and sign an appraisal of the value thereof, and deliver the same to the officer, who shall deliver a copy thereof to the execution debtor or to some one of the family of suitable age to understand the nature thereof, with a notice thereof attached that unless the execution debtor shall pay to said officer the surplus over and above five thousand dollars or the amount due on said execution within sixty days thereafter that such premises will be sold."

From the wording of this provision, it is plain that it was enacted for the benefit of execution creditors only. In fact, the whole proceeding as above set out, to subject a portion of the homestead to the payment of the owner's debts, is predicated upon the existence of an execution and upon the fact that, by paying on said execution the amount that the value of the homestead exceeds $5,000, the territorial integrity of the homestead may be preserved; and the proceeding itself can be initiated only by the officer having such execution in his hands. No reference is made to any other class of claimants, and there is no provision in any law that authorizes heirs, or any other claimant, or any court, to force the sale or segregation of a homestead as the same is defined by section 3224, Political Code, except for the satisfaction of a purchase-money judgment, a mortgage, or a tax lien. Section 3232, Political Code, is merely a statute of descent, and defines the rights of the heirs relative to the legal title to the property constituting the homestead, but subject to the homestead rights of the surviving widow and minor children.

Section 3215, Political Code, without in any manner attempting to define or limit the homestead, merely recognizes the exemption provision found in section 345, Code of Civil Procedure. These two sections are exemption statutes merely. If there are no debts, the homestead is in no wise affected by either of said sections. But, where there are debts, section 3215, Political Code, recognizes the fact that such portion of the homestead as may exceed $5,000 in value may be subjected

to the payment of such debts in the manner provided by section 345, Code of Civil Procedure. It is suggested that the homestead is limited in value by the provisions of sections 155 and 156 of the Probate Code, as amended by chapter 236, Laws of 1913. But neither of these sections contains any such limitation. Section 155, Probate Code, as amended by chapter 236, Laws of 1913, attempts to provide the course to be pursued by the county court in either of three different contingencies: First, if no homestead has been selected and recorded; second, if the one so selected exceeds in area or value the homestead as provided by law; third, if the homestead is encumbered and the estate is solvent, after payment of all debts payable by the estate.

In the first case, where no homestead has been selected, the county court may cause one to be selected. Such homestead may consist of 160 acres, without limitation as to value, provided the indebtedness is all paid; but if there is not sufficient money or property on hand to pay the indebtedness without resorting to the homestead, then the portion of the homestead in excess of $5,000 in value may be sold under the order of the county court and the proceeds applied on the indebtedness of the estate. Second, if the tract of land occupied by the decedent as a home exceeds 160 acres in area, then it must be divided; 160 acres thereof shall be set apart for the widow and children as provided by section 153, Probate Code, and the remainder turned over to the heirs; and, if there are unpaid debts remaining, then such portion of the 160-acre homestead as exceeds $5,000 in value may be applied in payment of such indebtedness. Third, if the homestead is incumbered, and the assets of the estate, exclusive of the homestead, are not sufficient to pay such incumbrance, then the county court may cause such homestead to be sold. The incumbrance shall be paid from the proceeds of such sale, and any surplus that may be left after paying such incumbrance shall be turned over to the widow and children.

Section 156, Probate Code, as amended, merely recognizes the rights of creditors. If a portion of the homestead was subject to the payment of the owner's debts at the time of his death, such homestead passes to his widow and children subject to the payment of such debts, to the same extent that it was

subject to the payment of such debts before his death. But if there are no debts, and no rights of creditors are involved, then the homestead, to the extent of 160 acres, passes to the widow and children without limitation as to value.

Our attention has been called to but one case where the precise question involved in this case was considered. The homestead law in Nebraska is similar in effect to ours. It creates and defines a homestead, and limits it, when in the country, to 160 acres of land and the dwelling house and appurtenant buildings, but contains no limitation as to value. Later on a law was enacted providing that the homestead, to the extent of $2,000, should be exempt from levy and sale on execution, and provided the method of subjecting the excess, if any, to the payment of the owner's debts, just as is done by our section 3215, Political Code, and section 345, Code of Civil Procedure. They also have a law that provides, just as our section 3215, Political Code, and section 345, Code of do, that upon the death of either husband or wife the survivor "may continue to occupy and possess the whole homestead until it is otherwise disposed of by law." In Meisner v. Hill et al., 92 Neb. 435, 138 N. W. 583, the plaintiff was the widow of the deceased owner of a homestead of the value of about $25,000. The defendants were the children of said decedent by a former wife. The widow claimed the right to possess and occupy the whole of the said homestead, regardless of value, while the children, as the heirts of the decedent, claimed that the widow's right of possession and occupancy was limited to $2,000 in value, and that they were entitled to the immediate distribution of the excess. The Supreme Court of the state sustained the claims of the widow, holding that the $2,000 limitation was provided for the benefit of execution creditors only. In discussing the exemption feature of their law, that court say:

" 'Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law." Laws 1877, p. 37. This is a very suggestive section. That part of the homestead which the creditor might take is clearly not considered the whole homestead, and, when one spouse dies, the other might occupy the whole homestead, unless the creditors interfere. This is

the first provision for the descent of the homestead upon the death of the spouse who holds the legal title. It specifies clearly the homestead that so descends, and it is the 'whole homestead,' and not merely the value exempted from the claims of creditors. In 1879 our present statute was enacted. Laws 1879, p. 57. The first section of this act provides that a homestead not exceeding in value $2,000, including the dwelling house in which the claimant resides, etc., shall be exempt from judgment liens and from execution or forced sale."

Again, in the concurring opinion of Hamer, J., in the same case, it is said:

"In all the statutes referred to in which there is a limitation upon the exemption of $2,000, it is against creditors, and not against the survivor. The failure to express the same limitation upon the succession would seem to indicate that it was not the intention of the legislative body to impose this limitation in the matter of succession. The Legislature has very carefully provided for a means to subject the excess of the value of the homestead above $2,000 to the payment of any judgment that may be rendered. Nothing is said about a $2,000 homestead. It is just simply a homestead to which 'the survivor for life succeeds. If the Legislature had intended that only $2,000 should go to the surviving husband or wife, and that any excess above that should go to the other heirs, why should it not have said so?"

The above remarks are just as applicable to the homestead and exemption laws of this state as they are to the homestead and exemption laws of the state of Nebraska. In all cases where there is a limitation in our law on the homestead exemption, it is against the creditors, and not against the heirs; and, from the fact that the Legislature nowhere made an exception in favor of the heirs of the deceased homesteader and against the surviving widow, it may fairly be inferred that it was not the intention of the Legislature to make any such exception. In this case there are no rights of creditors involved; therefore the appellant is entitled to the use and occupancy of the whole homestead, as provided by section 3231, Political Code, and section 153, Probate Code, without regard to value.

The cause will be remanded to the Circuit Court, with

directions to modify the decree appealed from, so as to conform to the views expressed in this opinion; costs to be taxed in favor of the appellant.

McCOY, J. (dissenting). I am unable to concur in the construction that has been placed upon the homestead laws of this state in the foregoing opinion. Section 153, Probate Code, as amended by chapter 236, Laws of 1913, provides that upon the death of either husband or wife the survivor may continue to possess and occupy the whole of the homestead as defined by law. I do not contend but what the surviving husband or wife is entitled to possess and occupy the whole of the homestead, as against the heirs of the deceased; but the vital question is, What is the whole of the homestead as defined by law? Neither this section 153, nor any other section of the Probate Code, undertakes to define or limit the value or area of the homestead, but leaves such definition and limitation to other law. It is certain, or ought to be, that the surviving husband or wife should not be entitled, under this statute, to possess and occupy, as against the heirs, any more than the whole of the homestead as defined by law. The word "define" means to "fix or mark the limit, ends, or boundaries" of some objective matter. The limits and boundaries of homestead real estate may be limited by value as well as area. The provision of section 153, "may continue to possess and occupy the whole of the homestead as defined by law," is general in its terms, and refers to no particular law as marking the boundary limits of the homestead, either as to value or area. If section 153 provided that "as defined by section 3224 of the Political Code," then there would be some reason for holding that the only limitation applicable to the homestead mentioned in section 153 was that found in section 3224, as other provisions of the law limiting and defining the boundaries of a homestead would clearly be excluded; but said section 153 contains no such language, and I am theerfore of the view that any general law existing in this state, which defines, fixes, or marks the limits, either of value or area, of homesteads, is within the purview of said section 153, and that section 345, C. C. P., is as much a limitation on the homestead right under section 153, as is said section 3224.

I am of the opinion that the homestead mentioned in said

section 153 was intended to be coextensive with the exemption homestead and not otherwise. Chapter 29 of the Political Code relates only to the exemption homestead. Article 2, c. 13, C. C. P., and chapter 5, Probate Code, relate, clearly and unerringly, to the exemption homestead and none other. There is but one homestead right known to the laws of this state and that is the exemption homestead as defined and limited, in area and value, by said section 3224 and section 345 of the statute laws of this state. According to well-settled rules of statutory construction, that construction is always preferred which does not lead to unjust, unreasonable, and absurd results. A statute is always to be tested by what may be done under and by virtue of its sanction. Under the authority of section 153, as construed by the majority opinion, a decedent who had an heir 60 years o fage by a former wife, and who left surviving him a second wife 30 yars of age, and where the only estate left by decedent was 160 acres of land, of the value of $1,000,000, outside the limits of a town plat, the 60 year old heir might be penniless, and might be thus deprived of his inheritance during his entire lifetime, by a holding that the surviving second wife could hold a homestead valued at $1,000,000 during her lifetime. I am loath to believe that the legislative framers of our homestead and probate laws ever contemplated any such unjust, absurd, or ridiculous results. We have but one homestead right in this state, and that is the exemption homestead right, as defined and limited by section 3224, Pol. Code, and section 345, C. C. P.. The whole homestead as defined by law, mentioned in said section 153, refers only to the exemption homestead as defined and limited by said sections 3224 and 345, which limit and mark the boundaries of a homestad, not to exceed 160 acres of land when such land is not within a town plat, and in no case to exceed $5,000 in value.