In the Matter of SOMERVILLE'S Estate

SOMERVILLE, Respondent, v. SOMERVILLE, Appellant.

(266 N. W. 158.)

(File No. 7814. Opinion filed March 30, 1936.)

*Ira O. Curtiss* and *Williamson, Smith & Williamson*, all of Aberdeen, for Appellant.

*Van Slyke & Agor, Thos. L. Arnold*, and *H. A. Hohler*, all of Aberdeen, for Respondent.

POLLEY, P. J.  In October, 1932, John C. Somerville, the decedent named in this case, resided in Aberdeen.  He was a widower more than 70 years of age, and possessed of considerable means in both real and personal property.

At the above-named date, Mary Dell, the petitioner herein, resided on a farm near Aberdeen.  She was a widow past 60 years of age, and owned a farm of 240 acres of land, and some personal property.  These parties decided to marry, and for the purpose of making a property settlement before marriage they went to the office of a lawyer in Aberdeen on the 23d day of October, 1932, where Somerville executed a will, which had been previously prepared, by the second paragraph of which he devised to Mary Dell a quarter section of land near Aberdeen and four improved city lots in Aberdeen.  One of these lots was occupied by a dwelling house then used as a home by Somerville and thereafter was used as a home by him and his wife.  By paragraph 3 he gave her $500 in cash to be paid out of his estate.

Paragraphs 4, 5, 6, and 7 of said will read as follows:

"I make the above bequests to the said Mary Dell for the reason that in the near future I expect to contract a marriage with her and am bequeathing this property to her for and as a complete marriage settlement between us and intended by me to cover all property as above set forth to her in lieu of any other or additional property interests by her claimed or demanded out of my estate.

"I have this day made, executed and delivered to the said Mary Dell, a deed of conveyance to her of the above described real estate,

which deed is to immediately take effect at the time my will is opened and offered for probate.

"I have executed this deed to be entered of record, as above set forth, in order that the said Mary Dell may immediately upon my death, and at the opening of my will, may come into the possession of said real property, and from that Time on have and receive the rentals and income of said property for her natural support.

"The said Mary Dell, to whom the above bequests have been made, has this day executed an agreement that she accepts this property settlement, in lieu of any and all other claims of every kind against my estate and is and intended to be a complete settlement of the said antenuptial contract, and the said agreement, so executed by the said Mary Dell, together with the said deed of conveyance are attached to this Will to become completely effective as aforesaid, when my Will is opened for probate."

Deeds conveying the real property described were executed and attached to the Will to be recorded after the death of the testator.

At the time of the execution of the Will, Mary Dell executed an instrument, designated "Ante-nuptial Contract" in the record, and which reads as follows:

"By virtue of your will made on the 26th day of October, 1932, you have made provision for me therein by bequeathing to me certain real estate and some money, as set forth in said will. I hereby accept the bequests therein made as and for a complete settlement of any and all claims I may have or assert against all property left by you at the time of your death.

"I make this instrument for the reason that you and I are about to consummate a marriage and I deem it proper at this time to accept all the terms and conditions of the will, so made by you.

"On this day you delivered to me a deed of conveyance conveying to me the real property described in your will, and have on this day handed this deed back to you in order that you may attach the same to the will, without recording such deed, it being the intention that this deed will not become completely effective until your decease, should I survive you."

About the 17th day of November, 1932, these parties entered into a marriage contract, and thereafter lived together as man and

wife until his death which occurred on or about the 2d day of April, 1934. The will was admitted to probate and letters testamentary issued to the executor therein named. This was done on the 30th day of April, 1934, and on the 31st day of May following, the widow filed a petition in the county court, in which she asked the court to enter an order directing the executor to set over to her the sum of $750 as widow's allowance, and that the court make a further order, allowing her such additional money as might be necessary for her maintenance. In answer to this petition the executor set up the so-called antenuptial contract whereby the executor claims the petitioner had waived all rights to a widow's allowance and money for maintenance.

The petition was brought on for hearing by the county court, and as a result of such hearing the court entered an order setting aside to petitioner, as widow's allowance, the sum of $750, and an additional allowance as maintenance the sum of $125 per month from the 1st day of May, 1934, to the close of the administration of the state. From this order the executor appealed to the circuit court, where a retrial was had. As a result of this trial the circuit court entered the following judgment:

"It is Ordered and Adjudged that the executor of the estate of John C. Somerville, deceased, forthwith pay to the widow Mary Dell Somerville, the sum of Seven Hundred Fifty Dollars ($750.00) statutory exemptions, and the sum of One Hundred Twenty-five Dollars ($125.00) per month, beginning May 2, 1934, and a like sum of One Hundred Twenty-five Dollars ($125.00) per month on the second day of each succeeding month thereafter, amounting in all to this date for such monthly payments the total sum of Eleven Hundred Twenty-five Dollars ($1,125.00), and a like sum of One Hundred Twenty-five Dollars ($125.00) per month on the 2nd day of February, 1935, and a like sum on the second day of each succeeding month thereafter for the full period of one year from May 2, 1934, and for such time thereafter as the estate of John C. Somerville, deceased, shall remain open.

"It is Further Ordered and Adjudged that the payments of Eleven Hundred Twenty-five Dollars ($1,125.00) and Seven Hundred and Fifty Dollars ($750.00) respectively above mentioned, shall be paid forthwith by the executor to the widow, Mary Dell

Somerville, out of the cash funds now in his hands as such executor, and that said executor forthwith deliver to Mary Dell Somerville all household and kitchen furniture; including stoves, beds, bedsteads and bedding, appraised at the sum of $150.00."

From this judgment the executor appeals to this court.

It is the contention of the appellant that by the execution of the so-called antenuptial agreement the petitioner waived her right to any and all statutory allowances and exemptions; whereas, it is the contention of the petitioner that it is only that part of the property of the decedent that is subject to descent and distribution after payment of exemptions, widow's allowance, and maintenance that is affected by the said agreement.

The exact question has not been passed upon by this court, and other courts are not unanimous, though the disposition of the question by the different courts depends, to some extent at least, upon local statutes and the intent of the parties as shown by the contract.

A review of the decisions of other states on this question would serve no useful purpose. In North Dakota and Iowa it is held that antenuptial contracts are against public policy and void. Herr v. Herr, 45 N. D. 492, 178 N. W. 443; Swingle v. Swingle, 36 N. D. 611, 162 N. W. 912; Johnson v. Johnson, 154 Iowa 118, 134 N. W. 553, 37 L. R. A. (N. S.) 875. The great weight of authority, however, holds the other way. See In re Cutting's Estate, 174 Cal. 104, 161 P. 1137; Buffington v. Buffington, 151 Ind. 200, 51 N. E. 328; Kroell v. Kroell, 219 Ill. 105, 76 N. E. 63, 4 Ann. Cas. 801; In re Oppenheimer's Estate, 73 Mont. 560, 238 P. 599; Vincent v. Martin, 91 Colo. 106, 11 P. (2d) 1089; and for further discussion on this point see 24 C. J. 251.

■ ■ No fraud is alleged in this case. The petitioner was free from duress, and the language used in the contract is clear and unambiguous. The petitioner said in the contract that she accepted the bequests in the Somerville will in complete settlement of "any and all" claims she might have or assert against all property left by Somerville. "All" means everything to which it is applied. This court said, in Re James' Estate, 38 S. D. 107, 160 N. W. 525, 527, that a widow's allowance "is merely a preferred claim against the estate of a decedent." If this is so, then it may be waived like any

other claim, and that is what the petitioner intended to do when she entered into the antenuptial contract.

The judgment and order appealed from are reversed, and the case is remanded to the trial court, with directions to proceed in conformity with this opinion.

All the Judges concur.