## In Re O'DONNELL'S ESTATE

(24 N. W.2d 326)

(File No. 8856. Opinion filed September 16, 1946.)

**Turner & McKenna,** of Sisseton, and **Earl E. Huber,** of Wheaton, Minn., for Appellant.

**Harry W. Nelson,** of Britton, and **Dwight Campbell,** of Aberdeen, for Respondent.

SICKEL, J.   This appeal involves the widow's allowance in a probate proceeding.   J. J. O'Donnell, decedent, was survived by his widow, Anna O'Donnell, two sons, three daughters, and four grandchildren who are the sons of a deceased daughter.   All his children were the issue of a prior marriage.   Decedent left a will which was admitted to probate in the county court of Marshall county.   On December 19, 1944, the widow petitioned the court for an allowance of $750 to which she claimed she was entitled under the provisions of SDC 35.1303.   The allowance was made by the county court on the same day, and the executor appealed to the circuit court.   There the order of the county court was affirmed and the executor has appealed to this court.

Appellant concedes that the allowance as made by the county court was authorized by statute, but claims that the widow waived her right to it by an express agreement with the testator.   Paragraph three of the will provides:

"Third, At the time of my marriage to my wife, Anna O'Donnell, we made and entered into a property agreement. However, notwithstanding, it is my will that she participate in my estate as herein set forth.   It is my intention to immediately purchase United States Government bonds to the extent of $2500.00, cost value, made payable to her and myself, and in the event she survives me then she is to cash said bonds at her convenience and as her requirements demand and the proceeds thereof to be hers entirely."

Attached to the will is a written statement signed by Anna O'Donnell acknowledging that she was acquainted with the terms of the will, and giving her consent thereto.

The paragraph of the will quoted above refers to a "property agreement" entered into between testator and his

wife at the time of their marriage. It does not state what any of the terms of that agreement were, and there is no evidence in the record from which such terms may be ascertained. Whether the agreement was valid, and whether it contained a waiver of the widow's allowance, no one can say.

■ Paragraph three of the will also contains a specific bequest to the widow of United States Government bonds of the value of $2,500 at the date of the will. Other provisions of the will give the residue of the estate to the children and grandchildren of the testator. The will makes no mention of the statutory allowance but appellant says that the clause in paragraph three "It is my will that she participate in my estate 'as herein set forth" limits the amount which the widow may receive from the estate to the bequests made to her by the will. The language quoted above is equivalent to "I hereby bequeath to my wife" the bonds described therein. That language is insufficient to show an expressed intention to deprive the widow of her statutory allowance. Anderson v. Anderson 70 S. D. 165, 16 N. W.2d 43.

■■ Decedent disposed of his entire estate by the will. Attached to the will is a written statement, signed by the wife, acknowledging that she was acquainted with the terms of the will at the time it was made, and giving her assent thereto. After the death of the testator the widow accepted the bequest made to her by the will. Appellant claims that these circumstances amounted to waiver of the widow's statutory allowance. The allowance provided by SDC 35.1303 is not a bequest. Rather, it is a preferred claim against the estate, and may be waived like any other claim. In re James' Estate, 38 S. D. 107, 160 N. W. 525;. In re Somerville's Estate, 64 S. D. 238, 266 N. W. 158. However, the law does not consider the allowance given to the widow by law, as repugnant to the bequest contained in the will, and consequently a waiver of such allowance is not to be implied from the disposition of the entire estate by will, the widow's consent thereto, or her acceptance of the bequest made to her, Anderson v. Anderson, supra.

For the reasons stated the judgment of the circuit court is affirmed.

WOHLHETER, Circuit Judge, sitting for POLLEY, J. All the Judges concur.