48 N.W.2d 238 (1951)
In re SNYDER'S ESTATE
STATE
v.
SNYDER.
No. 9186.
Supreme Court of South Dakota.
May 31, 1951.
Sigurd Anderson, Atty. Gen., Benj. D. Mintener, Asst. Atty. Gen., for plaintiff and appellant.
Hooper & Herman, Gregory, for defendant and respondent.
SMITH, Judge.
In fixing the gross value of the estate of Dorothy Snyder, deceased, for inheritance tax purposes, the county court of Bennett County allowed deductions of $5,000 of the value of the homestead and $617 as the value of household furniture. On appeal to the circuit court the decree of the county court was affirmed and the state has appealed.
Dorothy Snyder of Martin, South Dakota, died intestate without issue. Her surviving husband, John W. Snyder, was appointed administrator of her estate, and *239 in due course filed an inheritance tax report and inventory which listed property of a value of $24,168.04, including a homestead of the value of $8,320, and household furniture of the value of $617 On this report it was stated, "It is claimed that the $5,000 homestead exemption and $617.00 household and kitchen furniture, all exempt, should be deducted from the total in computing the inheritance tax due." The decree entered recited that under the statute John W. Snyder was the absolute owner of the property, and reduced the listed value of $24,168.04 by $5,617 in accordance with the quoted claim of the administrator, and by a further $10,000 inheritance tax exemption, thus leaving a net value of $8,551.40 subject to an inheritance tax of 1% which tax the administrator was directed to pay. The appeal questions the propriety of the respective deductions of $5,000 and $617.
Provisions of the inheritance tax statutes, SDC 57, Part IV, which are pertinent to the contentions of the administrator read as follows:
"A tax shall be imposed upon any transfer of property * * * to any person, * * * in the following cases:
"(1) When the transfer is by will or by intestate laws of this state from any person dying possesed of the property while a resident of the state", SDC 57.2104.
" * * * The court shall make specific findings, which shall be binding for inheritance tax purposes only except as hereinafter provided, upon all of the facts necessary in order to compute and determine the amount of tax due upon any transfer, from any heir, devisee, grantee, or donee, and determine the amount due from each person and enter its decree accordingly." SDC 57.2305.
"The tax imposed by this part shall be computed upon the true and full market value in money of such property less any indebtedness, except expenses of administration, chargeable against such property, and at the rate hereinafter prescribed and only upon the amount in excess of the exemptions hereinafter granted. In determining the true and full market value in money of such property no deductions shall be made by reason of any part of the property being claimed, used, or occupied as the homestead as created and defined by any law of this state." SDC 57.2401.
"The following exemptions from the tax are hereby allowed:
* * * * * *
"(3) Property of the clear value of ten thousand dollars transferred to the * * * husband of the decedent * * *;
* * * * * *
"No other exemptions shall be allowed to the persons above named by reason of any other statute of this state." SDC 57.2404.
The tax is made a lien on the property transferred, SDC 57.2505; the administrator is directed to deduct the tax from property in his possession, or to collect it before delivering such property and to pay the tax to the county treasurer, SDC 57.2502; and provision is made for enforcement of the tax by sale in county court, SDC 57.2502, or by action in any competent court against the person liable to pay the same or against any property subject to the lien thereof, SDC 57.2506.
It is settled that the tax imposed by the foregoing provisions is on the privilege of succeeding to or inheriting property from a deceased person. It is not a tax on property. In re McKennan's Estate, 27 S.D. 136, 130 N.W. 33, 33 L.R.A.,N.S., 620, Ann.Cas.1913D, 745; and in re Jahn's Estate, 65 S.D. 124, 271 N.W. 903, 904. In the case last cited this court said, "Since the value of the privilege depends directly upon the value of the property transmitted, the fact that the amount of the tax is determined by an appraisal of the property does not transform the tax into a tax on property."
The intention of the legislature to impose an inheritance tax upon the privilege of inheriting or succeeding to property claimed, used, or occupied as a homestead is not open to question. Property occupied or claimed as a homestead descends by the law of succession unless disposed of by will. SDC 51.1717. See Bailly v. Farmers' State Bank of Sisseton, 35 S.D. 122, 150 N.W. 942. The legislature has imposed an inheritance *240 tax upon all transfers of property by will or by the intestate laws of this state, SDC 57.2104, supra, and has expressly provided that in determining the true and full market value of such property in measuring the amount of such a tax that "no deductions shall be made by reason of any part of the property being claimed, used, or occupied as the homestead as created and defined by any law of this state." SDC 57.2401, supra.
The administrator recognizes that these statutes express an intention to tax the privilege of inheriting or succeeding to homestead property but he seeks to uphold the $5,000 deduction made by the county court on the theory that certain of the cited provisions are repugnant to section 4, article 21 of the constitution of South Dakota, as follows: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws." In essence the contention is that to the extent to which the homestead is exempt against the claims of creditors, cf. Hansen v. Hansen, 40 S.D. 114, 166 N.W. 427, this section deprived the legislature of the power to create a lien in favor of the state for inheritance tax upon homestead property and to provide for a "forced sale" in foreclosure thereof. A secondary contention is that under the rule of O'Leary v. Groghan, 42 S.D. 210, 173 N.W. 844, 6 A.L.R. 1134, the legislature was powerless to discriminate in favor of such a claim of the state.
This court has had occasion to determine whether the legislature intended to make a claim of the state a lien upon the family homestead in Ramsey v. Lake County, 70 S.D. 61, 14 N.W.2d 125, wherein a personal property tax claim was involved, and In re Schneider's Estate, 72 S.D. 174, 31 N.W.2d 261, in which a claim for advances for old age assistance was under consideration. Here the contention is that the legislature lacks power to impress a lien on the homestead for an inheritance tax, or to provide for the enforcement of such a claim by forced sale of the homestead, and the further claim that these provisions are void because discriminatory. The views we hold render a decision of these contentions unnecessary. Until the necessity for such a decision arises we are duty bound to reserve our opinion upon these constitutional questions. Haas v. Independent School Dist. No. 1 of Yankton, 69 S.D. 303, 9 N.W.2d 707; 11 Am.Jur., Constitutional Law, § 93.
If, without so deciding, we were to assume the validity of these contentions of the administrator and hence that the constitution invalidates the provision for a lien on the homestead and.the enforced sale thereof as a means of collecting the inheritance tax of the state, it would not follow that the county court should be affirmed. The state's need for revenue, and the probability that the inheritance tax would be collectible from property other than the homestead, or from the heirs and devisees, induces the conviction that the legislature would have enacted the act without the provisions the administrator assails if it had deemed them repugnant to the constitution. Therefore, under the familiar principles of the doctrine of separability we would be bound to save and uphold the remainder of the act. Kennedy v. Chicago, M. & St. P. Ry. Co., 28 S.D. 94, 132 N.W. 802, and State ex rel. Mills v. Wilder, S.D., 42 N.W.2d 891. The act directs that in measuring the amount of an inheritance tax for the privilege of inheriting or succeeding to property that no deductions shall be made by reason of any part of the property being claimed, used or occupied as the homestead. This provision is presumed to be valid, State v. Black Hills Transportation Co., 71 S.D. 28, 20 N.W.2d 683. The only contentions the administrator makes are directed toward separable provisions of the act. Those contentions must await decision until an attempt is made to enforce a claim of the state for inheritance tax against homestead property. The county court was concerned only with the true amount of this privilege tax. In measuring the tax it was bound to follow the statute.
*241 The deduction of $617 must be considered in the light of the following provisions of statute:
"In addition to the property mentioned in section 35.1302, there shall also be allowed and set apart to the surviving wife or husband, or the minor child or children of the decedent, money or personal property to the amount of seven hundred fifty dollars, to be, with the homestead, possessed and used by such surviving wife or husband, or the minor child or children. * * *" SDC 35.1303.
"When personal property is set apart for the use of the family in accordance with the provisions of this chapter, if the decedent left a widow or surviving husband, and no minor child, such property is the property of the widow or surviving husband. * * *" SDC 35.1305.
In writing of this allowance to the surviving wife or husband in the case of In re James' Estate, 38 S.D. 107, 160 N.W. 525, 527, this court said, "It is claimed by respondent that section 154, Prob.Code, is a statute of succession, but such is not the case. The allowance therein provided for is not in the nature of an interest in property, it is merely a preferred claim against the estate of a decedent which may or may not be available according to the circumstances. * * * It is a limitation upon the power of the testator to bequeath. * * *" Cf. In re O'Donnell's Estate, 71 S.D. 339, 24 N.W.2d 326; In re Babcock's Estate, 64 S.D. 283, 266 N.W. 420; Somerville v. Somerville, 64 S.D. 238, 266 N.W. 158.
Thus it is revealed that if the household and kitchen furniture described in the $617 item has been set aside to the surviving husband as provided by SDC 35.1303, supra, he has elected to take title thereto by the order of the county court, and that the property has not been transferred to the husband by "will or by intestate laws of this state" or by "deed, grant, bargain, sale, or gift, made in contemplation of the death" as described in the statute, 57.2104, which imposes the inheritance tax. We are unable to determine from the record before us whether the personal property in question has been set aside to the surviving husband. If it has, it follows from the foregoing statutes that the county court did not err in making the deduction for the reason that the privilege of so acquiring property has not been taxed by the legislature, and the courts are not at liberty to impose such a tax under the guise of statutory construction.
In dealing with a like case the Wisconsin court said, "It is argued that the exemptions from the inheritance tax in case of property going to the widow are sufficiently liberal and are exclusive, and that this exemption should not, either upon equitable grounds or upon a fair construction of the exemption statute, be allowed to the widow. But this is not an exemption from a tax. It is a transaction upon which the Legislature has imposed no inheritance tax, on the broad ground that it is neither an inheritance nor a gift from the deceased made in contemplation of death." In re Smith's Estate, 161 Wis. 588, 155 N.W. 109, 110.
In the absence of a statute indicating a contrary intention, it is generally held that such a statutory allowance is not subject to a succession tax. 37 A.L.R. 545; 105 A.L.R. 384; and 122 A.L.R. 188. Cf. 26 Col.L.Rev. 293.
From the foregoing it follows that we are of the opinion that the county court erred in making the $5,000 deduction, and that whether it erred in making the deduction of $617 turns on whether the listed household and kitchen furniture had been set aside to the surviving husband.
The judgment is reversed.
All the Judges concur.