## KENNEDY v. CHICAGO, M. & ST. P. RY. CO.

Sess. Acts 1907, c. 215, entitled "An act requiring railroad corporations to pay double the amount of damages incurred from loss of property, injured or destroyed by fires communicated by locomotive engines, or from the burning of grass, weeds or rubbish on the right of way," provides that each railroad company shall be responsible in damages to every person whose property may be injured or destroyed by such fire, and that in certain cases double damages shall be allowed, and that in any action brought for such damages it shall only be necessary for the owner of the injured property to prove his loss or injury. Const. art. 3, § 21, provides that no law shall contain more than one subject, which shall be expressed in its title. **Held,** that those portions of the act purporting to relieve the party damaged from proving negligence on the part of the railroad company, not being represented in the title of the act, are invalid.

Though a statute, unconstitutional in part, cannot be upheld as to the remainder, unless the latter is a complete law, capable of enforcement, and which it may be presumed the Legislature would have passed without the rejected portion, that portion of Sess. Laws 1907, c. 215, entitled "An act requiring railroads to pay double damages for loss by fires," which relates to the double damages, is valid, even though other portions of the act, relating to proof of the injury, are invalid; for the two were not necessarily connected, and the invalid portions may be rejected, still leaving an act capable of being executed in accordance with the legislative intent apparent from the title.

Where, in an action against a railroad company for setting fire to plaintiff's property, an issue as to the negligence was raised, it will be presumed, in support of the judgment, the evidence and charge of the court being omitted from the abstract, that the facts proven entitled plaintiff to recover, and that the jury were properly

instructed; and hence a judgment for plaintiff will not be reversed, because the action was brought under a statute unconstitutional, in so far as it relieved plaintiff from establishing defendant's negligence.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by C. B. Kennedy against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*William G. Porter* and *J. D. Elliott,* for appellant. *C. B. Kennedy* and *A. R. Brown,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff.. The action was instituted apparently under the provisions of chapter 215 of the Laws of 1907. The complaint, after alleging the incorporation of the defendant, that it was engaged in the business of transporting passengers and freight within this state, that the plaintiff was the owner of a certain quarter section of land in Lincoln county, over which the railroad was constructed, and that certain hay and grass thereon owned by the plaintiff was destroyed by fire caused by defendant's locomotive, in its seventh paragraph, alleges: "That the defendant was negligent, in that its engine which caused the said fire was not properly constructed, so as to prevent the escape of sparks, and was out of repair; and the screens for the prevention of the escape of fire and sparks were out of repair to such a degree that sparks escaped therefrom and flew over the right of way of the defendant, and set fire to the meadow and growing clover crop and stacked hay of the plaintiff. That on the defendant's right of way was large quantities of dry, dead grass, and other combustible rubbish, allowed by the defendant to accumulate. That the engine of the defendant, so carelessly constructed and out of repair, set fire to said dead grass and rubbish on the defendant's right of way, and the defendant carelessly and negligently allowed it to escape therefrom, and to spread onto the meadow of the plaintiff, and to burn the same, together with his hay and second crop of clover. That the defendant was generally negligent in the operation of its said engine touching the

escape of fire, but this plaintiff cannot specify all the particulars thereof; but they are known to the defendant, as the plaintiff is informed and believes."

Plaintiff further alleges, in substance, that he was damaged by reason of the setting fire to his meadow and burning of a stack of hay, and that he served notice in writing upon the defendant, as provided in chapter 215 of the Session Laws of 1907, and that the defendant has refused to pay the amount claimed, and demands judgment for the amount of his damage.

The defendant, in its answer, denies generally and specifically all of the allegations of the complaint, except the fact of its incorporation and operation of its road over the quarter section of land described in plaintiff's complaint; and for an affirmative defense alleges: That chapter 215 of the Session Laws of this state for the year 1907, under which the plaintiff seeks to recover double damages, is unconstitutional and void. The trial was had before the court and a jury, and the jury returned a verdict in favor of the plaintiff for the sum of $100, and judgment was thereupon rendered by the court for double the amount so found by the jury in favor of the plaintiff.

[1] It is stated by the appellant in its brief that it relies for a reversal of the said judgment upon two grounds: (1) That chapter 215 embraces two subjects, viz.: (1) Declaring an absolute liability, in all cases for damages from fire communicated by locomotive engines, that did not exist at common law; and (2) that it provides for double damages in case such corporation fails or neglects to pay the damages within 60 days after notice, etc., and that the act therefore violates section 21 of article 3 of the Constitution of the state of South Dakota, which provides as follows: "No law shall embrace more than one subject, which shall be expressed in its title." (2) That the act, so far as it provides for double damages, denies to the appellant the equal protection of the laws, and is therefore repugnant to the fourteenth amendment of the Constitution of the United States; and also that said act is repugnant to sections 2 and 18 of article 6 of the Constitution of the state of South Dakota.

The title of the act is as follows: "An act requiring railroad corporations to pay double the amount of damages incurred from loss of property, injured or destroyed by fires communicated by locomotive engines, or from the burning of grass, weeds or rubbish on right of way by employes of such corporations, in certain cases."

The material provisions of the act are as follows: "Each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation, or by the burning of grass, weeds or rubbish on right of way by employes of such corporation. * * * Whenever the property owned by any person or corporation shall be injured or destroyed by fire communicated by locomotives in use upon any railroad owned or operated by a railroad corporation, or by the burning of grass, weeds and rubbish on the right of way by employes of such corporation, so as to render the railroad corporation liable, under section 1 of this act, or otherwise, the owner of such property injured or destroyed may recover damages for such loss, and to recover the same it shall only be necessary for him to prove the loss of or injury to his property. If such corporation fails or neglects to pay such damage within sixty days after notice in writing that a loss or injury has occurred, * * * such owner shall be entitled to recover from the corporation double the amount of damages actually sustained by him in any court of competent jurisdiction. * * * *"

It will be observed that in the title of the act the only subject referred to is "double the amount of damages incurred from loss of property," and that there is nothing in the title referring to that part of the act which relieves the party damaged from his common-law duty to allege and prove negligence on the part of the defendant in causing the damage. It will, however, be observed by the provisions of the first section, and the clause in

the second section, providing: "The owner of such property injured or destroyed may recover damages for such loss, and to recover the same it shall only be necessary for him to prove the loss or injury to his property." Reading, therefore, the first section in connection with the clause last quoted from the second section, it will be observed that the act clearly assumes to relieve a party from his common-law duty of alleging and proving negligence on the part of the defendant, in order to entitle him to recover damages, in an action instituted to recover the same under the act.

As will be observed by the reading of the title of the act, no reference is made or intimation given that the act contains any provision relieving the plaintiff from his common-law liability, or making the defendant railway corporation liable, without proving that it has been guilty of negligence in operating its road, or in the use of defective or unsuitable locomotives. The title of the act, therefore, is not broad enough to include the provisions relieving a party from the duty of proving negligence on the part of the railway company, in order to entitle him to recover damages claimed to have been suffered by him, caused by fire, as provided in the act; and hence so much of the act as purports to relieve the party damaged from proving negligence on the part of the defendant to entitle him to recover must be held unconstitutional and void.

The provisions contained in section 21 of article 3 of our Constitution have been incorporated into the constitutions of most of the states, and the necessity of such a provision is so fully and clearly stated in the opinion of this court, in State v. Morgan, 2 S. D. 32, 48 N. W. 314, and in State v. Becker, 3 S. D. 29, 51 N. W. 1018, that a further discussion of the propriety of such a provision need not be further considered.

[2] It does not follow, however, that the act, so far as relates to double damages, should be held unconstitutional and void. This court held, in the case of State v. Morgan, supra, that "a portion of a statute may be unconstitutional and stricken out, and if that which remains is complete in itself, and capable of being

executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, the statute must be sustained." And in State v. Becker, supra, this court, again discussing this constitutional provision, in its opinion says: "The rule is that, if, when the unconstitutional portion is stricken out, that which remains is complete, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. Cooley, Const. Lim. § 178, and numerous cases cited; Suth. St. Const. § 103, and numerous cases cited. And it is not necessary, in order to make such rejection allowable, that the obnoxious matters be contained in independent provisions. The distribution of the law into distinct divisions or sections is purely arbitrary. The test is whether they are essentially and inseparably connected in substance. People v. Kenney, 96 N. Y. 294; Commonwealth v. Hitchings, 5 Gray [Mass.] 482; Tiernan v. Rinker, 102 U. S. 123; Mewherter v. Price, 11 Ind. 199." See, also, In re Construction of Revenue Law, 2 S. D. 58, 48 N. W. 813; In re Assessment and Col. of Taxes, 4 S. D. 6, 54 N. W. 818; Woods et al. v. Carl, 75 Ark. 328, 87 S. W. 621, 5 Am. & Eng. Ann. Cas. 4223; Fite v. State ex rel. Nick Snider, 114 Tenn. 646, 88 S. W. 941, 1 L. R. A. (N. S.) 520, 4 Am. & Eng. Ann. Cas. 1108.

And a further qualification may be added. A statute, unconstitutional in part, cannot be upheld as to the remainder, unless the latter is in itself a complete law, capable of enforcement, and such as the Legislature, it may be presumed, would have passed without the rejected portions. McDermont v. Dinnie, 6 N. D. 278, 60 N. W. 294.

It clearly appears from a careful examination of the act we are considering that the provisions of the act for doubling the amount of damages recovered remain complete in themselves, and capable of being executed in accordance with the apparent legislative intent, wholly independent of the provisions held unconstitutional. The intent of the Legislature to provide for doubling the damages, "whenever the property owned by any person or corporation shall be injured or destroyed by fire communicated by

a railroad corporation, or by the burning of grass, weeds and rubbish on the right of way by employes of such corporation," and such corporation fails or neglects to pay such damage within 60 days after notice in writing that a loss or injury has occurred, "such owner shall be entitled to recover from the corporation double the amount of damages actually sustained by him in any court of competent jurisdiction," is clearly apparent from the title of the act. The act, therefore, with the unconstitutional provisions eliminated, must be held constitutional, following the decisions of Jensen v. South Dakota Cent. Ry. Co., 25 S. D. 506, 127 N. W. 650, and Polt v. C., M. & St. P. Ry. Co., 128 N. W. 472, recently decided by this court, in which it was held the law imposing double damages, as provided in the act in question, is constitutional and valid. As those cases were very fully considered and discussed by this court, we do not deem it necessary to enter upon a further discussion of that question.

In the case of Bekker v. White River Valley Ry. Co., 28 S. D. —, 132 N. W. 797, recently decided by this court, it was held that the provision of chapter 218 of the Laws of 1907, in so far as it requires railroad companies to pay double damages incurred from loss of live stock killed or injured, is constitutional, but that so much of the statute as relieves the party plaintiff from proving negligence in the killing of the stock by the railway company is unconstitutional. The court therefore reversed the judgment in that case, for the reason that the trial court in its charge to the jury improperly instructed them as to the facts necessary for the plaintiff to prove to entitle him to recover.

[3] In the case at bar, however, as the plaintiff alleged that the damages were caused by the negligence of the defendant, which is denied by the answer, an issue was raised properly to be tried by the jury, and as the evidence and charge of the court are omitted from the abstract we must presume, in support of the judgment, that the proper facts were proven, entitling the plaintiff to recover, and that the jury was properly instructed as to the law of the case; and therefore the judgment in this case must be affirmed.

In 2 Ency. Pl. & Pr. 428, the law applicable to the case at bar is thus stated: "The general presumption will be made in favor of a decision appealed from, where the record does not affirmatively show error, that every proceeding below essential to its legality was validly taken, and that every fact essential to its regularity was legally shown. And where, on any contingency supposable in the state of the record, the decision below might have been valid, such contingency will be so presumed." And the learned author cites a long array of authorities from nearly all of the states of the Union in support of the text.

The learned author, in a note (page 430), restates the rule as follows: "Where an appeal to this court is to be determined on the judgment roll alone, all intendments will be in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. If the error relied on to destroy such presumptions consists in matters dehors the record, such matters must be brought to this court by a bill of exceptions, or other appropriate method. If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed that such matters were presented, and that the judgment was entered in accordance therewith"—citing Caruthers v. Hensley, 90 Col. 559, 27 Pac. 411.

The law as above stated has been approved by this court, and by the former territorial court. Searls v. Knapp, 5 S. D. 325, 58 N. W. 807; Gress v. Evans, 1 Dak. 387, 46 N. W. 1132; Myers v. Mitchell, 1 S. D. 249, 46 N. W. 245; Merrill v. Luce, 6 S. D. 354, 61 N. W. 43. See, also, Parkinson v. Thompson, 164 Ind. 609, 73 N. E. 109.

.The judgment of the circuit court is affirmed.