STATE OF MISSOURI, Appellant, v. A. E. MARTIN, Respondent.

Springfield Court of Appeals, December 2, 1912.

**CRIMINAL LAW: False Pretense: Obtaining Credit on Account: Information.** Defendant was charged with obtaining credit on an account by giving the creditor an order on another party for an amount which defendant falsely represented was owing to him by the other party. *Held*, that this was not an offense under Sec. 4565, R. S. 1909, as the defendant did not obtain any property or thing of value, and that the demurrer to the information was properly sustained by the trial court.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*Will H. D. Green* for appellant.

*J. L. VanWormer* for respondent.

COX, J.—The prosecuting attorney filed an information charging defendant with the offense of obtaining property under false pretenses. The trial court sustained a demurrer to the information and the State appealed.

The information charges that defendant was indebted to the Kilpatrick Mercantile Co. in the sum of $109.35 and, in order to secure a credit of twenty dollars on this account, he falsely represented that one A. J. Rhodes was indebted to him in the sum of twenty dollars and defendant then gave to Kilpatrick Mercantile Co. an order upon Rhodes for twenty dollars and thereby induced the mercantile company to give him a credit of twenty dollars upon his account with them. Does this conduct on the part of defendant constitute a crime under the statute?

The statute, Sec. 4565, R. S. 1909, is as follows: "Every person who with intent to cheat or defraud any

other shall designedly . . . by . . . false pretense obtain . . . from any person any money, personal property, right in action or other valuable thing or effects whatsoever . . . "shall be punished, etc. The question for our determination is whether obtaining credit on an account is obtaining property or thing of value. We do not think so. The entry by the mercantile company of a credit of twenty dollars on the account of defendant with them on their books did not operate as a payment, hence, defendant obtained nothing by the transaction, nor did the mercantile company part with any goods or property or anything of value. If Rhodes was not indebted to defendant and the order upon him by defendant was worthless for that reason, the parties were left in exactly the same condition after the transaction as before; and while the mercantile company got nothing out of it, they lost nothing and nothing of value was obtained from them by defendant. One of the essentials of this offense is that the party defrauded must have parted with something of value as a result of the false pretense or representation and since this element is wanting in the charge of this information, the demurrer thereto was properly sustained. [State v. Moore, 15 Ia. 312; Moore v. Commonwealth, 8 Penn. St. 260.]

Judgment affirmed. All concur.