POLT, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

(149 N. W. 725.)

1.   **Appeal—Error—Revisal of State Court by Federal Supreme Court —Disposition of Cause—Directing Judgment, or Granting New Trial.**

Laws 1907, Chap. 215, attempted to create an absolute liability against a railroad company when fire was communicated by locomotives, and declared that if the company failed to pay the damage within 60 days after notice in writing, the injured party might recover double the damages sustained, unless the company should offer in writing to pay a fixed sum constituting the full amount of the damages, and the owner should refuse to accept the same. The state Supreme Court held, on appeal, that the double damage feature of the act was constitutional, and the Supreme Court of the United States, upon writ of error, held that the double damage provision was unconstitutional, and remanded the cause for further proceedings. In another suit the state Supreme Court held that the part of said act purporting to relieve plaintiff from alleging and proving negligence was unconstitutional. **Held,** that where plaintiff sued defendant railroad company for damages from fire, and failed to allege or prove negligence, and was awarded double damages, the Supreme Court will not, on remand of the cause from ·the federal to the state Supreme Court, order judgment, or order the circuit court to enter judgment, for single damages, but that a new trial will be ordered, to enable him to plead and prove negligence.

2.   Costs—Costs on Writ of Error from Federal Supreme Court, on Reversal.

Where, on writ of error from the Supreme Court of the United States to the state Supreme Court, a decision of the latter is reversed, and the cause remanded to the state Supreme Court for further proceedings, **held,** the appellant upon the appeal to the state Supreme Court, who was the losing party upon that appeal, but. who, upon writ of error to the federal Supreme Court, prevailed, and secured a reversal, was entitled to recover costs adjudged in its favor by the federal Court, as well as its costs upon the appeal to the state Supreme Court.

(Opinion filed December 14, 1914.)

Appeal from Circuit Court, Aurora County. Hon. Frank B. Smith, Judge.

Action by J. F. Polt against the Chicago, Milwaukee & St. Paul Railway Company, to recover `damages to plaintiff's property by fire from defendant's locomotive engine. From a judgment for plaintiff, defendant appeals. The Supreme Court having affirmed the judgment appealed from, and the Supreme Court of the United States having, upon writ of error, reversed the decision of the State Supreme Court and remanded the cause for

further proceedings, the cause came before the Supreme Court upon an order, on behalf of respondent, upon appellant to show cause why an order reversing and vacating the former order of the Supreme Court, and entering, or directing entry of judgment in the Supreme Court for the amount of the verdict rendered in the trial court, and for 'costs upon said appeal, and upon the writ of error, should not be made, and upon an order, on behalf of appellant, upon respondent to show cause why the Supreme Court should not set aside and vacate the judgment of the circuit court, and remand the cause for a new trial. Reversed, and remanded for a new trial.

See, for former opinion, 26 S. D. 378.

*William G. Porter, Ed. L. Grantham,* and *H. C. Preston,* for Appellant.

*Fellows & Fellows,* for Respondent.

(1) Upon point one of the opinion, Appellant submitted that: (a) The complaint discloses that no allegation or proof of defendant's negligence is made. (b) The mandate of the Supreme Court of the United States is a reversal of both the order of the State Supreme Court respecting the judgment, and the order denying motion for new trial. (c) That the judgment appealed from should not be modified, but a new trial should be granted. And. cited: (a) Sec. 1, Ch. 218, Laws 1907; Bekker v. White River Valley Ry. Co., (S. D.) 132 N. W. 797; Kennedy v. C., M. & St. P. Ry. Co., 28 S. D. 94. (c) Farmers Nat. Bank v. Howard, (W. Va.) 76 S. E. 122; Kirby Planing Mill Co. v. Hughes, (Ga.) 75 S. E. 1059; Paterson v. Cox, (Nebr.) 140 N. W. 277; Redwater Canal Co. v. Jones, (S. D.) 130 N. W. 85; First Natl. Bank v. Calkins, supra; Fish v. Poorman, (Kans.) 116 Pac. 898; Caldwell v. M. W. A., (Kans.) 133 Pac. 843.

Respondent submitted that: This court may enter or direct entry of a final judgment. And cited: Goldberg v. Sisseton, 24 S. D. 49; Archer v. Tubbs Co., 25 S. D. 399, 126 N. W. 577; 3 Cyc., pages 486 et seq., 492, 451.

(2) Under point two of the opinion, Respondent cited: Subdivision 3 of Rule 24 of the Supreme Court of the United States; First Nat. Bank v. Calkins, 93 N. W. 646, 16 S. D. 445.

SMITH, P. J. This was an action in the circuit court of Aurora county to recover damages to plaintiff's property by fire

from defendant's locomotive engines.   The action was brought under chapter 215, Laws of 1907, which act in effect attempted to create an absolute liability when the fire causing the injury was communicated by locomotive engines, and which act also provided that, if the corporation should fail or neglect to pay such damages within 60 days after notice in writing of such loss or injury, the injured party should be entitled to recover double the amount of damages sustained, unless the company shall have offered in writing to pay a fixed sum, being the full amount of the damage sustained, and the owner shall have refused to accept the same.   Defendant, under this act, offered to pay plaintiff $500 damages.   At the trial the jury returned a verdict for $780 damages, upon which the court entered a judgment for double the amount of the verdict.   An appeal was taken to this court, upon which the double damage feature of the act was held to be constitutional as a valid exercise of the police power of the state. From this final judgment, an appeal was taken to the Supreme Court of the United States.   That court held the double damage act to be unconstitutional, reversed the decision of this court, and remanded the cause for further proceedings saying:

"No doubt the states have large latitude in the policy that they will pursue and enforce, but the rudiments of fair play required by the fourteenth amendment are wanting when a defendant is required to guess rightly what a jury will find, or pay double if that body sees fit to add one cent to the amount that was tendered, although the tender was obviously futile because of an excessive demand."   Chicago, M. & St. P. R. Co. v. Polt, 232 U. S. 168, 34 Sup. Ct. 301, 58 L. Ed. 554.

The mandate of that court was filed in this court on July 24, 1914, and the cause is now before us for further disposition. It is plaintiff's contention that this court should direct judgment upon the verdict for single damages, while the defendant's counsel contend that a new trial should be awarded.   The complaint in the action was framed strictly under the provisions of chapter 215, Laws of 1907, and does not allege that the fire causing the injury was the result of negligence, nor was any proof of negligence offered at the trial.

In the case of Kennedy v. C., M. & St. P. Ry. Co., 28 S. D. 94, 132 N. W. 802, that part of chapter 215 which purports

to relieve the plaintiff from alleging and proving negligence was held unconstitutional. With that portion of the statute eliminated, plaintiff could not recover except upon allegation and proof of negligence.

If the judgment were to be entered upon the present verdict, plaintiff would be permitted to recover without either allegation or proof of negligence on the part of the defendant. We are clearly of the opinion the cause should be remanded for a new trial, and to the end that plaintiff may make application to the trial court for leave to amend the complaint by proper allega tions of negligence should he be so advised.

Upon the pending motion, appellant is entitled to recover costs adjudged in its favor by the United States Supreme Court, as well as its costs upon the appeal to this court. It will be so ordered, and the cause remanded for further proceedings in accordance with the views herein expressed.

