STATE, Respondent, v. PORTWOOD, Appellant.

(238 N. W. 879.)

(File No. 7229. Opinion filed November 10, 1931.)

*Lloyd E. Baum* and *Denu & Philip,* all of Rapid City, for Appellant.

*M. Q. Sharpe,* Attorney General, for the State.

RUDOLPH, J. This action is before this court upon an appeal from a conviction under the provisions of chapter 121, Laws of 1923. The defendant was informed against for issuing a present dated, as distinguished from a post dated, check in the sum of $391.43. The state proved upon the trial that the defendant, in payment of an old account, gave the check in question, that at the time he gave this check he had no money in the bank upon which it was drawn, and that he knew he had no money in the bank. The defendant offered to prove that, at the time the check was given, it was agreed by the payee named in the check, who is still the holder of the check, that the check would not be presented for payment until such time as the payee was notified the defendant had money in the bank, and in the meantime the payee was to collect a certain gas tax refund the defendant had due him from the state of South Dakota and apply this amount, which was something over $100, upon the check. The trial court sustained an objection to this offer of proof, and submitted the case to the jury under instructions which, in effect, stated that, if the defendant made and issued the check without sufficient funds on deposit to pay the check, and if the defendant knew there were not sufficient funds on the deposit to pay the check, then the defendant was guilty. The jury under these instructions properly returned a verdict of guilty, and the court thereupon sentenced the defendant to the state penitentiary at hard labor for a period of one year.

Other than the correctness of the ruling of the trial court in sustaining the objection to the offered testimony, the error assigned directly raises the constitutionality of chapter 121, Laws of 1923, when applied to a present dated, as distinguished from a post dated, check. We rest this decision upon the unconstitutionality of that law. This court has recently, in the case of State v. Nelson, 58 S. D. 562, 237 N. W. 766, 767, held this law unconstitutional so far as a postdated check is concerned. In the Nelson Case it was said, referring to section 3 of the law: "Under the provisions of this section the defendant has his choice. He may make satisfaction as therein provided, or, upon failure to make such satisfaction, he must suffer the penalty provided in section 2. The question then becomes, Is the penalty provided by section 2 inflicted for issuing the back check or for failure to make satisfaction as provided under section 3? Under our view of the case, the penalty

is inflicted for failure to make such satisfaction, and this view is strengthened by the provisions of section 5 of the law which reads as follows: 'It is further provided that nothing in this act shall apply in cases where checks, drafts or orders were actually honored by the bank or banks or depository or depositories on which they were drawn.' This section is as much a part of the law as either of the others and must be read and considered in construing the entire law. In view of this section, the execution and delivery of the check by the defendant does not constitute a complete offense. It is not until the check has been presented at or after maturity and payment refused for lack of funds that the crime was complete; therefore the penalty fixed by the law is for failure to pay the check rather than for issuing the check. We can see no escape from this conclusion."

■ The above reasoning applies with the same force to a present dated check as it does to a post dated check. We therefore are of the opinion that the law must be held unconstitutional wherein a present dated check is concerned, in that it is violative of the provisions of section 15 of article 6 of the Constitution which prohibits imprisonment for debt founded on contract, and we refer to the further reasoning in the opinion in the case of which the above quotation is but a part.

■ Upon the oral argument, the Attorney General contended that, in the opinion in the case of State v. Nelson, supra, it was stated that sections 1 and 2 of the acts standing alone constitute a complete law, and therefore, even though the remaining portions of the law are unconstitutional, sections 1 and 2 should not be held invalid. With this contention we are unable to agree. The general rule has recently been announced by this court in the case of Haines v. Rapid City et al., 59 S. D. 58, 238 N. W. 145, to the effect that, before a law will be held unconstitutional in part and valid in part, the portion which remains must not only be complete in itself, but the court must be able to say the Legislature would have passed the remaining and valid portions of the law independent of the provisions of the unconstitutional or invalid portions. We cannot so hold in this case. It is admitted by the Attorney General in his brief that the law is harsh, and, viewed in connection with the punishment imposed in the instant case, that admission is apparent. We cannot conclude that the Legislature would have

enacted the first two provisions of this concededly harsh and drastic law were it not for the other provisions of the law, which to a great extent mitigated the harshness of sections 1 and 2.

The judgment appealed from is reversed, and the defendant ordered released from custody.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.