[Crim. No. 1652. First Appellate District, Division One.—November 15, 1932.]

THE PEOPLE, Respondent, v. DRAPER HAND, Appellant.

F. A. Devlin for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was indicted for the crime of grand theft and upon trial before a jury was found guilty. He has appealed from the judgment of conviction and the order denying his motion for a new trial, contending as ground for reversal that the evidence is insufficient to sustain the conviction.

The indictment was based on that portion of section 484 of the Penal Code which declares that every person who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud another of his property, is guilty of theft; and the specific charge made against appellant was that he obtained unlawfully from one Samuel Bright a promissory note for the sum and of the value of $275.

The evidence shows that in January, 1931, appellant, using the fictitious firm name of Ash & Hand, contracted with Bright to do certain repair work on the latter's house, and to furnish the necessary labor and materials for such purpose, for the sum of $464, payable as follows: $164 in advance, and the balance after the completion of the work, in monthly installments of $25 each. The advance payment was made as agreed and during the progress of the work one installment of $25 was paid, leaving $275 as the balance due upon completion of the job. Shortly before the work was finished appellant obtained from Bright and his wife a promissory note for $275 payable in monthly installments of $25. At the time appellant presented the note for execution and before Bright and his wife consented to sign the same, they asked appellant, according to the testimony introduced by the prosecution, whether all bills incurred in performing the work had been paid and he assured them that such was the fact; and further stated that his partner was a multi-millionaire and that the note would be discounted. The representations so made were shown to be false. The bills incurred in performing the work had not been paid, and in due time after completion of the work liens aggregating $368 were filed against the property, which the Brights were obliged to pay. Furthermore, appellant had no partner, and shortly after obtaining the note he discounted the same with a finance company, receiving therefor $244.75. Later, demand was made upon appellant by certain workmen and materialmen for the payment of their claims and he informed them that he had not yet received the money due him from the Brights.

Testifying in his own behalf, appellant denied having made any of said representations; but on this appeal he frankly admits that his testimony merely raises a conflict on those points, and that therefore the evidence is legally

sufficient to establish the fact that the note was obtained from the Brights under false pretenses and that it was of sufficient value to constitute the crime of grand theft. In this regard the case is similar in principle to *People* v. *Pearson,* 69 Cal. App. 524 [231 Pac. 612], wherein a contractor obtained a check from a property owner in payment of construction work, under the false representation and pretense that certain bills for materials had been paid; and his conviction therefor on a charge of obtaining money under false pretenses was sustained on appeal.

Appellant further testified, however, that prior to the commencement of the trial he paid a portion of the bills incurred in performing the work equal in amount to the face value of the note, thus reducing the amount of claims against the job to $368; and basing his contention on those facts he contends that two of the essential elements of the crime of obtaining property under false pretenses were disproved, namely, an intent to defraud, and that a fraud was actually committed.

Evidence showing such payment was doubtless admissible upon the issue of whether appellant intended to perpetrate a fraud; but such issue was one of pure fact for the jury to decide, and in the light of all the circumstances connected with the transaction, some of which are hereinabove mentioned, it cannot be said that the decision of the jury thereon is lacking in evidentiary support. And the fact that after having obtained the note under false and fraudulent pretenses appellant at some later time utilized the proceeds derived from the sale of the note or even the full amount called for by the note in payment of a portion of the bills incurred in performing the work did not exculpate him from criminal responsibility for thus obtaining the note, nor constitute a complete defense to the charge, because under the authorities it is held generally in cases of this kind that the offense is complete when the property is obtained by the use of false means and is not purged by subsequent restoration, restitution or repayment. (*People* v. *Wieger,* 100 Cal. 352 [34 Pac. 826]; *People* v. *Bowman,* 24 Cal. App. 781 [142 Pac. 495].) In so declaring the decisions in the cases cited point out that the fraudulent intent contemplated by the statute is the intent by the use of false representations to induce another to part with his property when otherwise he

would not have done so; and that, therefore, when the property is obtained under such circumstances, neither the promise to repay, the intention at the time to make the aggrieved party whole, nor repayment will relieve the false and fraudulent act in obtaining the property of its criminality.

Appellant further contends that he was not permitted to show that he expended an amount equal to the full face value of the note in liquidating a portion of said bills. The record discloses, however, that before finishing his testimony, he explained the entire transaction to the jury; and in any event, whether he expended for such purpose only the proceeds derived from the sale of the note or an amount equal to the full face value thereof would seem to be entirely immaterial, because under the rule of the cases above cited, the subsequent act of appellant in liquidating a portion of said bills did not absolve him from the criminal offense already committed, namely, obtaining the note under the false pretense and representation that all of the bills had theretofore been paid.

Nor do we find any merit in the argument that appellant's conviction amounts to imprisonment for debt, for, as will be seen, all the elements of the crime of obtaining property by means of fraudulent and false pretenses are present; and while the matter of subsequent payment of a portion of the bills against the job was something to be taken into consideration by the jury in determining the question of intent, and might have been considered by the trial court after conviction in hearing a plea for probation, such subsequent payment did not in itself operate as a legal bar to future prosecution for the criminal offense already committed.

The judgment and order are affirmed.

Tyler, P. J., and Cashin, J., concurred.