STATE ex rel. STRAUSER, Appellant v. JAMESON, Respondent

(81 N.W.2d 304)

(File No. 9261. Opinion filed March 5, 1957)

**Harold Benedict,** Sioux Falls, for Plaintiff and Appellant.

**Phil Saunders,** Atty. Gen., **George W. Wuest,** Asst. Atty. Gen., for Defendant and Respondent.

SMITH, P.J.   This is an appeal from a judgment of the trial court in a proceeding in habeas corpus remanding the petitioner above named to the custody of the warden of the penitentiary by whom he is held under a judgment sentencing him to life imprisonment for kidnaping.   The contention of petitioner is that SDC Supp. 13.2701-1 under which his conviction was had is unconstitutional and void.

A chronological development of the background of the contention of petitioner will place the issue in focus.

Originally the crime of kidnaping was defined in words as follows: "Whoever shall knowlingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away by any means whatsoever, and hold for ransom, reward, or otherwise, any person except in the case of a minor by a parent thereof, or who, having committed or attempted the commission of a felony, to prevent injury, apprehension, capture or identification of the wrongdoer, by fraud, force, or fear compels another to accompany him or uses another as a shield or hostage, shall be deemed guilty of kidnaping and shall be punished by imprisonment at hard labor in the State Penitentiary for life or by such imprisonment for any term not less than three years." SDC 13.2701.

By Ch. 31, Laws 1939, SDC Supp. 13.27, the foregoing section was amended to provide for two degrees of kidnaping.

By Section 1 of the amendatory act kidnaping in the first degree was defined in words as follows: "Whoever shall knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away by any means whatsoever any person except as provided for in Section 2 hereof and shall be guilty of kidnapping in the second degree and who shall also ravish, or assault, or mutilate, or choke, or strangle or do other bodily harm or injury to the person so kidnapped as defined herein in such a manner and under such circumstance abhorrent to the public morals and common decency shall be guilty of kidnapping in the first degree and upon conviction shall be sentenced to death or to hard labor in the State Penitentiary for life. * * *"

In defining kidnaping in the second degree, Section 2 of the amendatory act SDC Supp. 13.2701-1, reproduces the exact wording of the original definition of kidnaping, SDC 13.2701 copied, supra, except the words "or her" are inserted at one point, the words "in the second degree" at another point, and the word "five" is substituted for the word "three" in the penalty clause.

In December 1952 the petitioner was convicted of second

degree kidnaping. Cf. State v. Strauser, 75 S.D. 266, 63 N.W.2d 345. A life sentence was imposed.

In 1955 this court held void the above quoted first section of the amendatory act, defining kidnaping in the first degree, because it fails to define with sufficient certainty the acts constituting the offense. Cf. State v. Dove, 75 S.D. 460, 67 N.W.2d 917.

In 1956 petitioner initiated these proceedings seeking release on the theory that the effect of our decision in State v. Dove, supra, was to strike down the entire amendatory act. We are told by petitioner that the act must now be declared to be void as a whole because to enforce that which remains of this penal act, after severing that which was declared void by State v. Dove, would be in contravention to the intention of the legislature. Hence, petitioner asserts, the judgment under which he is held is void.

■ This contention of the petitioner must be upheld unless when the first section of the amendatory act, held to be unconstitutional in State v. Dove, supra, is stricken, the remaining second section is determined to be complete in itself, and capable of being executed in accordance with the apparent intention of the legislature. State v. Portwood, 59 S.D. 179, 238 N.W. 879; Haines v. City of Rapid City, 59 S.D. 58, 238 N.W. 145; and Kennedy v. Chicago, M. & St. P. Ry. Co., 28 S.D. 94, 132 N.W. 802.

■ In Sutherland Statutory Construction, 3d Ed., § 2403, it is written: "In determining the separability of a statute, as in any problem of statutory construction, the ultimate decision will rest upon a judicial determination of legislative intent. The problem is two-fold: the legislature must have intended that the act be separable, and the act must be capable of separation in fact. From the act itself the court must find a manifest or apparent intent to deal with a portion of the original subject matter irrespective of the validity of the remainder of the act. * * *"

■ In writing for the court in People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N.Y. 48, 129 N.E. 202, 207, Mr. Justice Cardozo said, "Severance does not depend upon the separation of the good from the bad by paragraphs

or sentences in the text of the enactment. * * * The principle of division is not a principle of form. It is a principle of function. The question is in every case whether the Legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded or rejected altogether. The answer must be reached pragmatically, by the exercise of good sense and sound judgment, by considering how the statutory rule will function if the knife is laid to the branch, instead of at the roots." See In re Snyder's Estate, 74 S.D. 14, 48 N.W.2d 238.

■ The intention of the legislature is revealed by a casual reading of the original act, SDC 13.2701, and the amendatory act, Ch. 31, Laws 1939, SDC Supp. 13.27. It entertained no thought of repealing the offense of kidnaping as defined by SDC 13.2701. Its purpose was to make provision for more drastic punishment for such offenders. This purpose was served by the amendatory act by providing (1) a new minimum penalty of five years and (2) for a death penalty for those kidnapers who mistreated their victims. To strengthen by adding to the existing provision was the only purpose it had in mind. To ask the question whether the legislature would have wished Section 2 of the amendatory act to be enforced, if the invalidity of Section 1 thereof had been foreseen, is to answer it.

As indicated, the second inquiry to be answered is whether the act is capable of separation. The answer is not doubtful. The invalidated first section, and the remaining second section are not mutually dependent. Although the first section is dependent on the second, because the offense defined in the latter is a component of the former, Section 2 is in no sense dependent on Section 1. It is an independent section, supplying a complete definition of a separate offense. It is not significant, we think, that the offenses defined by these respective sections are related by name as first and second degree kidnaping. Whether the offense which remains after striking out section one of the act is known as "second degree kidnapping" or as "kidnapping" or by some other name presents no obstacle to its functioning as a complete, separate and understandable definition of an offense. The act is separable.

■ Our attention is directed to authorities which recognize a distinction between criminal and civil acts in dealing with the doctrine of separability. The rule of strict construction exemplified by those authorities is not applicable in this jurisdiction. The rule we must apply is that "all penal statutes are to be construed according to the fair import of their terms, with a view to effect their objects and promote justice." SDC 13.0101. If the rule of strict construction were applicable here, it is doubtful if it would support a different result in this instance.

■ The act under which petitioner was prosecuted is, in our opinion, so patently constitutional that we have not labored other questions discussed in appellant's brief.

The judgment of the trial court is affirmed.

All the Judges concur.