STATE, Respondent v. CHRISTIAN, Appellant

(177 N.W.2d 271)

(File No. 10739. Opinion filed May 19, 1970)

Irving A. Hinderaker, Watertown, for defendant and appellant.

Gordon Mydland, Atty. Gen., C. J. Kelly, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

HANSON, Judge.

Defendant was convicted on two counts of an Information of the crime of Obtaining Money And Property By False Pretenses. Each of the counts alleged defendant unlawfully obtained money and property from the Red Owl Store in Watertown by the aid of a false token in the form of an "insufficient fund" check. He appeals from the concurrent sentences of three years in the State Penitentiary.

The sufficiency of the evidence to sustain conviction is not directly questioned. It appears that on December 2, 1968 defendant opened a checking account in the First National Bank of Watertown with a deposit of $15.00. He then issued several checks in excess of the deposit. Included were the two checks cashed by Red Owl Store which were returned unpaid and marked "insufficient funds". At the time defendant was unemployed and looking for work. His checks were accepted by employees of the Red Owl Store without question and without oral representations concerning them by defendant.

The only assigned error of consequence is defendant's contention that under the facts he could only be convicted of and sentenced for the crime of making or uttering a check against insufficient funds which is a misdemeanor in accordance with SDCL 22-41-1.

■ The crime of obtaining money and property by false pretenses first appeared in the Penal Code of 1877 as Section 618. Essentially the same crime is now codified as SDCL 22-41-4 as follows:

"Every person who designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property * * * is punishable by imprisonment in the state penitentiary * * *."

Within the meaning of this section the use of a matured check for the payment of money by a person who knows the drawer is not entitled to draw for the sum specified is the use of a false token. SDCL 22-41-5.

The lesser offense of making or uttering a check against insufficient funds was first enacted in 1917. It was last amended in 1967 and is now codified as SDCL 22-41-1 and provides insofar as material that:

"Any person * * * who shall for a present consideration, willfully, with intent to defraud, make or draw or utter or deliver any check, draft, or order for the payment of money upon any bank or other depository knowing at the time * * * that the maker or drawer * * * has not sufficient funds in or credit with such bank or other depository for the payment of such check, draft or order and all other checks, drafts or orders upon such funds then outstanding, in full upon its presentation, although no express representation is made with reference thereto, shall be guilty of a misdemeanor * * *."

According to SDCL 22-41-2 the making, drawing or uttering or delivering of such check, draft or order is prima facie evidence the maker or drawer had knowledge of insufficient funds in or credit with the bank or other depository.

█ As its name implies the crime of making or uttering a check against insufficient funds is limited and special in nature. It is intended to curb the evil of issuing checks in excess of funds on deposit or credit with a depository bank. The crime of obtaining money or property by false pretense, on the other hand, is general in nature and broad in scope.

If the uttering and delivery of an insufficient fund check constitutes a "false token" within the purview of the false pretense statute, the drawer could be convicted and sentenced as a felon. The same act committed by another person would constitute a misdemeanor under the insufficient check statute. There would be no difference in the nature or quantum of proof. Whether the same act should be prosecuted as a felony or as a misdemeanor would be the choice of the prosecutor. So construed the two statutes would be irreconcilably repugnant and a repeal of one or the other implied.

██ The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature. "Repeals by implication are not favored and will be indulged only where there is a manifest and total repugnancy. If, by any reasonable construction, both acts can stand, they should". Jacobi v. Clarkson, 60 S.D. 401, 244 N.W. 535.

██ To harmonize and give effect to both statutes we construe them as defining independent crimes. SDCL 22-41-1 applies where the accused, prior to making, uttering, or delivering a check, has established an account in the bank or other depository upon which the check is drawn. If the accused has not established an account or credit with the bank prior to presentment for payment he may be prosecuted under SDCL 22-41-4 for the crime of obtaining money or property by false pretenses. Boome v. Gladden, 231 Or. 502, 373 P.2d 611; State v. Scott, 237 Or. 390, 390 P.2d 328. In other words, a "no account" check constitutes a "false token" under the false pretense statute whereas an "insufficient fund" check does not.

Remanded for resentencing accordingly.

ROBERTS, P. J., and BIEGELMEIER and HOMEYER, J. J., concur.

RENTTO, J., concurs in result.