STATE, Respondent v. RYAN, Appellant

(203 N.W.2d 177)

(File No. 11075. Opinion filed January 4, 1973)

**Ronald K. Miller**, Kimball, **Mark Meierhenry**, Rosebud, for appellant.

**Frances Niemoller**, Asst. Atty. Gen., **Gordon Mydland**, Atty. Gen., Pierre, for respondent.

WOLLMAN, Justice.

Defendant appeals from his conviction on two counts of obtaining money and property under false pretenses, SDCL 22-41-4, following a court trial. On June 1, 1970, defendant opened a checking account in the Chamberlain, South Dakota, branch of the Northwestern National Bank (bank). The account was closed on December 28, 1970. Although the record is not clear by whom and for what reason the account was closed, there is evidence in the record that some insufficient fund checks had been returned prior to the time the account was closed.

Sometime after December 28, 1970, the account was reopened under the same account number and on the basis of the signature card which defendant signed at the time the account was originally opened on June 1, 1970.

On April 22, 1971, defendant went to the bank and drew a check in the amount of $1.18, which was the balance remaining in the account. In accordance with the bank's accounting procedure, the account was then closed by the bank because the account had been brought down to a zero balance.

At approximately 5:15 p.m., Friday, April 30, 1971, defendant attempted to cash a check in the amount of $10 at a store in Chamberlain. After discovering that defendant's name appeared on a list of shaky accounts, the clerk showed the check to one of the owners of the store who called the bank and was informed that the bank personnel could not find an account under the number that defendant had given to the owner. Upon being given this information, defendant told the owner that he had an account in the bank whereupon the personnel at the bank again checked their records and again informed the owner by phone that they could not find an account under defendant's name or the number which he had given them. Upon being informed of this by the store owner, defendant replied that he would "go down to the bank and straighten them out" and then come back and finish his purchase. The record does not reveal whether the defendant did go to the bank or whether he later attempted to complete his purchase at the store.

On May 1, 1971, defendant stopped at Walt's Standard, a gasoline station near Chamberlain, and purchased some gasoline for his automobile. He paid for the gasoline with a $15 check drawn on the bank and signed in the presence of the attendant and received the balance of the check in cash. Approximately 15 to 30 minutes later defendant came back to the station and told the attendant that he wanted some money to go look for his daughter who had run off and gone west with a man. Defendant gave the attendant another check in the amount of $20 drawn on the bank and received $20. The two checks were returned to Walt's Standard unpaid accompanied by a slip giving as the reason for nonpayment the notation "Account Closed."

One of the conditions printed on the reverse side of the signature card which defendant signed at the time he opened the account states that:

> "The account may be closed by the Bank at any time by mailing a notice to the Depositor with a check for the balance, and the Bank shall not be liable for refusing to pay any check presented after said account is so closed."

Defendant argues that because the bank failed to mail a notice to him stating that his account had been closed by the bank, under contract law an account still existed at the time defendant wrote the two checks in question and therefore under State v. Christian, 85 S.D. 92, 177 N.W.2d 271, defendant could not be charged with a felony.

In State v. Christian the court stated that the misdemeanor check statute, SDCL 22-41-1, applies where the accused has established an account in the bank prior to making, uttering or delivering a check and that the felony check statute, SDCL 22-41-4, applies where the accused has not established an account with the bank.

> "In other words, a 'no account' check constitutes a 'false token' under the false pretense statute whereas an 'insufficient fund' check does not." 177 N.W.2d 271, 273.

We conclude that State v. Christian is not applicable to the fact situation presented by the instant case. It was the defendant himself, not the bank through its unilateral action as contended by defendant, who created the situation that made him subject to felony charges. Whatever defendant's contractual relationship may have been vis-a-vis the bank, we are satisfied that as between himself and Walt's Standard defendant knew that he had extinguished his account by writing a check for the balance of the account on April 22, 1971. This knowledge on defendant's part, coupled with the information conveyed to him by the store owner on April 30, 1971, that the bank personnel could find no account under his name or number, negates any argument that defendant wrote the two checks in question on an existing account. The checks thus constituted false tokens within the meaning of SDCL 22-41-5.

The conviction is affirmed.

All the Justices concur.