STATE of Missouri, Plaintiff-Respondent,

v.

Richard Earl BEEMER, Defendant-Appellant.

No. 9749.

Missouri Court of Appeals, Springfield District.

June 30, 1976.

Michael A. Jones, Law Offices of Arch M. Skelton, Springfield, for defendant-appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

Richard Earl Beemer appeals from a judgment and sentence of one year's con-

finement in the Greene County Jail for stealing by deceit.

The defendant, Robert L. Kinney and Kinney's wife entered into a written contract, the terms of which were that defendant was to attach a 12′ x 15′ "family room with a fireplace" to the Kinney residence. The Kinneys agreed to pay defendant the sum of $3,820 for the construction of the addition, payable one-third upon execution of the contract, one-third when the addition was "under roof" and the balance on completion. The agreement specifically provided that the defendant was to pay for all labor and materials.

The work went slowly, the defendant's workmanship, or that of his employees, was poor, but Kinney and his wife made the first two payments. Inferably because of Mr. Kinney's extreme dissatisfaction with the defendant's work, the defendant agreed to accept less than the original price in satisfaction of the Kinneys' obligation. On July 17, 1973, Kinney agreed to pay the defendant $1,073.33 as a final payment if the defendant would sign a written statement that all materialmen had been paid. The defendant executed a written statement that he had "paid for all the material that was used on Mr. Robert L. Kinney house located at 1318 E. Sunset, Springfield, Missouri", and Kinney delivered his check in the amount of $1,073.33. Kinney testified that he would not have delivered this check if the defendant had not signed the statement.

Thereafter, Kinney received notices from three materialmen that some of the bills for materials that went into the addition had not been paid. The State had testimony from three of these suppliers that at the time of trial, April 15, 1974, they still had not been paid for some of the materials which went into the Kinney project. It did not appear, on the other hand, that any mechanic's lien had been perfected against the Kinney property or that the Kinneys had discharged any of the bills due for materials when the case was tried.

Defendant's evidence, capsulized, was that his former secretary neglected his office files and had failed to include the unpaid bills in the Kinney file. The defendant did not deny signing the statement prepared by the Kinneys, but testified that he relied on his inadequate and incomplete files which showed no bills for materials due on the Kinney project. A file folder introduced by the defendant tended to support his testimony. Rejecting defendant's testimony, the jury found defendant guilty and imposed the sentence indicated.

On appeal, the defendant has briefed and argued four points. The "points relied on" are rather abstractly stated but the brief is not so deficient as to justify a ruling that counsel has violated Rule 84.04(d), V.A.M.R. We shall consider the appeal on its merits.

■ A brief preliminary observation is required in connection with the defendant's first two points. The defendant contends 1) that the amended information upon which he was tried is fatally defective because it does not describe the "alleged encumbrances" with particularity sufficient to inform him fully of the "facts" of which he stands accused; 2) that his motion for new trial should have been granted because there was no proof that the Kinney property was subject to any perfectible materialman's lien. The fundamental defect in both points is that the defendant was not charged with having represented that there were no valid materialmen's liens against the Kinneys' property; he was charged with having falsely represented that he had paid for all the materials used in construction of the family room. The State's proof amply demonstrated that at the time the representation was made and nearly a year later, the defendant had not paid for the materials used. The State was not required to go further and show the existence of a valid materialman's lien against the Kinney property. See *People v. Hand*, 127 Cal.App. 484, 16 P.2d 156, 157–158[2–4] (1932); *People v. Pearson*, 69 Cal.App. 524, 231 P. 612, 614[3] (1924); *Winnemore v. State*, 150 So.2d 277, 280[4, 5] (Fla.App.1963).

■ The contention that the amended information is fatally defective rests on the

assumption that the conduct relied on as constituting deceit is not charged with sufficient particularity. It is true that the offense of stealing by deceit may not be generically charged, *State v. Kesterson*, 403 S.W.2d 606, 611[3, 4] (Mo.1966), and the degree of particularity required in describing the deceit used is not susceptible of precise formulary definition, *State v. Kesterson*, supra, 403 S.W.2d at 610; *State v. Perkins*, 380 S.W.2d 433, 435 (Mo.1964), but as a general rule, if the false pretense is in writing or consists wholly or in part of the use of a written instrument, the writing need not be set out in haec verba unless some question turns upon the form or construction of the instrument, or some legal description of the instrument is given in the information, the accuracy of which may be material for the court to determine. 35 C.J.S. False Pretenses § 42, at 872 (1960). The merits of this case do not turn upon the efficacy of an instrument required to be in a particular form or a document calling for the use of words of art; here, the false representation consisted of a simple four-line statement and the charge that defendant stole the Kinneys' money "by representing . . . that all material expenses had been paid for in the construction of an addition to" the Kinney property is sufficient even though it is unartful and ungrammatical. H. Kelley, Criminal Law and Practice § 697, at 661–662 (L.Ed.1928).

█ A further claim of error is that the trial court erroneously admitted evidence of other, similar transactions too remote to have a logical bearing on the defendant's guilt. The point does not require extensive discussion because it is not properly preserved for review. The only objection made to the evidence now complained of was a diffuse, inclusive preliminary motion to exclude or suppress—a so-called "motion in limine"—which the trial court effectively denied by stating that it would "rule it as we go along." Upon trial, the evidence of other transactions came in without objection (except hearsay objections, which were sustained) and defendant's counsel cross-examined each witness concerning the other,

similar transaction to which the witness testified. Counsel was not relieved of the duty to object to inadmissible evidence by presenting his objections "in limine" nor by the court's ruling on his motion; as the trial court stated, it could not anticipate what the evidence would be. Having failed to object timely and specifically to the evidence of other transactions as it was received, defendant may not now complain of the admission of that evidence. *State v. Rennert*, 514 S.W.2d 579, 580[2] (Mo.1974); *State v. Hepperman*, 349 Mo. 681, 698[9], 162 S.W.2d 878, 887[14, 15] (1942); *State v. Ealey*, 519 S.W.2d 314, 320[5] (Mo.App. 1975).

The final assignment of error for discussion is defendant's assertion that "the conviction is unlawful because it is not a criminal offense to obtain by false representations payment of a debt already due." This point is so cryptically stated it is difficult to follow, but examination of the "argument" part of the brief leads us to believe the defendant contends he cannot be held guilty of stealing by deceit because he received nothing from the Kinneys which was not lawfully due.

█ It is true as a general proposition that a defendant who receives nothing of value by reason of a false representation cannot be held guilty of stealing by deceit, *State v. Fenner*, 358 S.W.2d 867, 873[10] (Mo.1962); *State v. Weiler*, 338 S.W.2d 878, 880[2] (Mo.1960); *State v. Martin*, 167 Mo. App. 346, 347, 151 S.W. 504 (1912), but that general principle has no application here. The Kinneys' duty to pay the defendant was expressly conditioned upon the defendant's payment for all labor and materials used in construction of the addition to the Kinney residence. Defendant expressly represented in writing that he had paid for all the materials used, and Mr. Kinney testified he would not have paid the final installment if defendant had not made that representation. From the evidence presented, a jury could reasonably have found that the defendant's representation was false. The defendant therefore received something of value—money—by reason of his

representation. There is no merit in this point. It was for the jury to decide whether or not defendant's representation was made with the intent to defraud the Kinneys. See *State v. Page*, 186 S.W.2d 503, 506[6] (Mo.App.1945).

The judgment is affirmed.

All concur.