STATE of South Dakota, Plaintiff and Respondent,

v.

Mack Leroy YARBER, a/k/a Joe Yarber, Defendant and Appellant.

No. 12540.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 19, 1979.

Decided Nov. 28, 1979.

Lori Wilbur, Asst. Atty. Gen., Pierre, Mark V. Meierhenry, Atty. Gen., Pierre, on brief, for plaintiff and respondent.

John L. Foley, Watertown, for defendant and appellant.

FOSHEIM, Justice.

A jury found the defendant guilty of "issuing no account check—felony". He pleaded guilty to the additional charge of being an habitual offender. This appeal is from the bad check conviction. We affirm.

In January of 1978, the defendant engaged Jerry Jorgenson, the owner and operator of a service station in Watertown, to perform mechanical work on his motor vehicle. Jorgenson agreed to tow the defendant's car to his station and make the necessary repairs before February 2, 1978. Jorgenson completed the repairs on January 31 or February 1, 1978. When defendant returned to Jorgenson's place of business to pick up his car on February 2, 1978, Jorgenson presented him with a statement in the amount of $111.09. Defendant asked if he could charge the repairs until a later date. Jorgenson insisted on immediate payment, but agreed to accept a check for the amount owed "as long as the check was good." He said he would not accept a "hold" check. Defendant then issued a counter check drawn upon the Farmers and Merchants Bank & Trust Company of Watertown for the amount due and assured Jorgenson that it would be honored. He inserted a fictitious account number on the check and gave it to Jorgenson. The check was dishonored because he had no account at the bank. In fact, the defendant had never carried a checking account with this bank.

Defendant claims, in essence, that the court should have dismissed the charge against him because of insufficient evidence. Before turning the check over to the Codington County State's Attorney for prosecution, Jorgenson accepted a payment of $25.00 from the defendant's girlfriend. Defendant apparently contends the check was not issued for present consideration and that his girlfriend's payment of $25.00 toward the account, along with Jorgenson's further attempt to collect the remainder, changed the character of the check into that of a promissory note.

SDCL 22–41–1.2, under which defendant was charged, provides, in part:

Any person who, for himself or as an agent or representative of another for present consideration with intent to defraud, passes a check drawn on a financial institution knowing at the time of such passing that he or his principal does not have an account with such financial institution, is guilty of a Class 5 felony.

SDCL 22–41–2.1 defines "present consideration" in the following language:

Present consideration includes goods which are delivered or constructively delivered, and services which are completed, seven days, exclusive of the date of such delivery or completion and exclusive of legal holidays and Sundays, before or after payment therefor . . .

In *State v. Mauck,* 270 N.W.2d 56 (S.D. 1978), we said:

Statutes requiring such present consideration as an element of the offense are interpreted to require that the surrender of the consideration, be it money, chattels, property or services, be made in reliance upon the apparent validity of the check. [citations omitted]

Jorgenson completed his work within one or two days before receiving the check, thus well within the seven-day period prescribed in the definition of "present consideration" found in SDCL 22–41–2.1. In addition, Jorgenson testified that he parted with possession of the repaired vehicle upon the representations of defendant that the check would be honored when presented for payment. Thus, the element of present consideration was established.

 Defendant cites no authority for his contention that Jorgenson's acceptance of the $25.00 payment after the check was dishonored changed the nature of the instrument into that of a promissory note, nor can we view it as such. Cf., *People v. Kemp*, 124 Cal.App.2d 683, 269 P.2d 186 (1954). It is the general rule that restitution is not a defense to criminal prosecution in cases involving false pretenses. *People v. Braver*, 229 Cal.App.2d 303, 40 Cal.Rptr. 142, 10 A.L.R.3d 565 (1964). See Annot., 10 A.L.R.3d 572 (1966). Whether the crime of issuing a no-account check was committed must stand or fall on the circumstances and intentions of the parties existing when the check was tendered. An offense of this nature is complete when, by means of false pretenses, "the fraud intended is consummated by obtaining possession of the property sought; the victim is merely a witness whose ultimate financial gain or loss, in the circumstances, is immaterial". *People v. Brady*, 275 Cal.App.2d 984, 80 Cal.Rptr. 418 (1969); cf., *Nelson v. United States*, 227 F.2d 21 (D.C.Cir.1955) *cert. denied*, 351 U.S. 910, 76 S.Ct. 700, 100 L.Ed. 1445 (1956); *Commonwealth v. Matthews*, 196 Pa.Super. 60, 173 A.2d 772 (1961). While, apart from the criminal aspects of the transaction, a debtor-creditor relationship existed between defendant and Jorgenson, a partial payment on that civil obligation did not absolve defendant of criminal liability.* *People v. Kemp*, supra; *People v. Hand*, 127 Cal.App. 484, 16 P.2d 156 (1932).

---

* Restitution could be considered by the court in mitigation of punishment. Cf. *People v. Miles*, 37 Cal.App.2d 373, 99 P.2d 551 (1940), disapproved on other grounds in *People v. Bailey*, 55

 The transfer of present consideration in this case, coupled with the uncontroverted evidence that defendant placed a fictitious account number on the check and that he never had an account with the bank on which it was drawn, provided evidence from which the jury could find knowledge and intent to defraud. *State v. Ryan*, 87 S.D. 102, 203 N.W.2d 177 (1973). This established a prima facie case regarding the essential elements of the crime charged. Under such circumstances, the jury, and not the court, ought to pass upon it. *State v. Cran*, 281 N.W.2d 81 (S.D.1979); *State v. Myott*, 246 N.W.2d 786 (S.D.1976); *State v. Nelson*, 80 S.D. 574, 129 N.W.2d 54 (1964).

We have reviewed the other assignments urged by defendant and find them to be without merit.

The judgment is affirmed.

All the Justices concur.

---

Cal.2d 514, 11 Cal.Rptr. 543, 360 P.2d 39 (1961); *People v. Hand*, 127 Cal.App. 484, 16 P.2d 156 (1932).