STATE of South Dakota, Plaintiff
and appellee,

v.

**Dennis MITCHELL, Defendant
and appellant.**

No. 13153.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1981.

Decided Aug. 26, 1981.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jay M. Leibel of Ericsson, Spencer, Ericsson & Leibel, Madison, for defendant and appellant.

PER CURIAM.

This is an appeal from a judgment of conviction for making or uttering a check against a non-existent account in violation of SDCL 22–41–1.2. We affirm.

Defendant, Dennis Mitchell, was tried on a three-count information for "no-account" checks. The jury returned a guilty verdict for Count I, which alleged that defendant passed a $42.79 check to Marv's Market in Chester. Marv's Market displayed a sign stating that a five dollar charge would be imposed for every returned check.

■ Defendant contends that the market's practice of imposing a charge for returned checks created a contractual arrangement preventing his imprisonment for debt. S.D.Const. art. VI, § 15; *State v. Portwood*, 59 S.D. 179, 238 N.W. 879 (1931); *State v. Nelson*, 58 S.D. 562, 237 N.W. 766 (1931). Defendant's reliance on the *Portwood*, supra, and *Nelson*, supra, cases is misplaced. In each case, the Court dealt with a "bad check law" allowing a defend-

ant to satisfy the obligation represented by the instrument or suffer criminal penalties. In each case, the Court concluded that "the execution and delivery of the check by the defendant does not constitute a complete offense. It is not until the check has been presented at or after maturity and payment refused for lack of funds that the crime was complete; therefore the penalty fixed by the law is for failure to pay the check rather than for issuing the check." 58 S.D. at 565–66, 237 N.W. at 767; 59 S.D. at 181, 238 N.W. at 880. SDCL 22–41–1.2, however, is distinguishable because it prohibits the *passing* of no account checks and contains no such flaw. In *State v. Yarber*, 285 N.W.2d 592, 594, (S.D.1979), we said

> Whether the crime of issuing a no-account check was committed must stand or fall on the circumstances and intentions of the parties existing when the check was tendered. An offense of this nature is complete when, by means of false pretenses, "the fraud intended is consummated by obtaining possession of the property sought; the victim is merely a witness whose ultimate financial gain or loss, in the circumstances, is immaterial." (Citations omitted.) While, apart from the criminal aspects of the transaction, a debtor-creditor relationship existed between defendant and Jorgenson, a partial payment on that civil obligation did not absolve defendant of criminal liability. (Citations omitted.)

> The transfer of present consideration...coupled with the uncontroverted evidence that defendant...[had no account with the bank]...provided evidence from which the jury could find knowledge and intent to defraud.

Thus, SDCL 22–41–1.2 does not deal with the civil component of a no-account check or with the debt evidenced by the check, and cannot be termed a criminal sanction for failure to pay a civil debt. Under the facts of this case, defendant's conviction was not in violation of the constitutional prohibition of imprisonment for debt arising out of or founded upon contract.

The judgment of conviction is affirmed.